NEOSHA M. MILLS, Defendant in Error, *vs.* WALTER TEEL *et al.*—(NYNA TEEL, Plaintiff in Error.)

*Opinion filed June 29, 1910.*

1. WILLS—*intention must be ascertained from the words employed.* The testator's intention must be ascertained from the words employed by him in the light of his situation and the attending circumstances, and if by such means the intention becomes clear, the court may disregard false words of description or restrict the application of words, but cannot change words of plain meaning and substitute something else.

2. SAME—*in construction of wills the law favors the heir.* In the construction of wills the law favors the heir, and will give a fee simple to the first devisee unless limiting and qualifying words clearly disclose a contrary intention.

3. SAME—*executory devise must be valid to affect a prior fee simple devise.* Where the testator, after devising fee simple estates to his sons, attempts by a subsequent paragraph to cut down the fee simple estates to base or determinable fees by way of an executory devise over, the executory devise must be valid in order to affect the prior devises of the fee simple.

4. SAME—*when executory devise is invalid.* An executory devise attempting to limit previous devises to the testator's children by providing that if any or either of such children should die leaving no child or children living at the time of his, her or their decease then the estate devised to such child should go to the other children "not so dying," is invalid, since the executory devise, being to children of the testator dying leaving issue surviving, cannot vest before all such children are dead, as it cannot until then be ascertained whether they will leave a child or children, or descendants thereof, surviving.

5. DESCENT—*the Statute of Descent controls unless other valid disposition is made.* The Statute of Descent has provided a definite succession of real estate, which can only be superseded by a valid disposition of property different therefrom.

WRIT OF ERROR to the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding.

B. O. WILLARD, and L. A. JARMAN, for plaintiff in error:

In the construction of wills it is a well established rule that the law favors the heir. The courts always favor a construction which gives an estate of inheritance to the first devisee in fee. *Kohtz* v. *Eldred,* 208 Ill. 71; *Becker* v. *Becker,* 206 id. 53.

When an estate is given by one clause or part of a will it cannot be cut down or taken away by a subsequent clause except by clear and unambiguous terms, and it is sometimes said that in order to give the latter clause effect its language must be as clear as that of the clause giving the estate. *Roberts* v. *Roberts,* 140 Ill. 345; *Kohtz* v. *Eldred,* 208 id. 66.

A construction should be adopted which will give effect to every word, even where the consequence is a partial or total failure of the testator's intended disposition. *Bingel* v. *Volz,* 142 Ill. 222; 1 Jarman on Wills, 409, 356.

By the fourth and seventh clauses of the will the attempt is to create a base fee and an executory devise. The fourth clause gives to Marshall Teel the absolute fee simple title to said land, while the seventh clause attempts to reduce this to a base fee, and the gift over, if valid, is an executory devise. *Glover* v. *Condell,* 163 Ill. 584.

The executory devise is invalid and must fail because there is no person answering the description of the person or persons who are to take as such devisee, and no one can come within such description until after his or her death, and a dead person cannot take title. Rood on Wills, 667,

665; Page on Wills, 745; *Blatchford* v. *Newberry*, 99 Ill. 11; *Guernsey* v. *Guernsey*, 36 N. Y. 267; *Post* v. *Rohrbach*, 142 Ill. 600; 3 Redfield on Wills, 265.

This is true because the devise over is "to the others and remaining children or child not so dying,"—that is, dying leaving a child or children, or descendants of such child or children, living at the time of his, her or their decease. The meaning of "so" is: In this, that or such manner; in the same or like manner; in the manner mentioned. Standard Dict.; *Fifer* v. *Allen*, 228 Ill. 516.

The issue of the executory devisee could not take because they are not within the class,—children. *Guernsey* v. *Guernsey*, 37 N. Y. 267; *Arnold* v. *Alden*, 175 Ill. 229; *Blatchford* v. *Newberry*, 99 id. 11.

A gift may be void because the devisee never had the capacity to take the gift. Page on Wills, 745.

As wills have no effect till the death of the testator, the gift fails, of necessity, if the devisee has then ceased to exist or if no such person ever existed. If the vesting is postponed to a still later time, the gift fails for the same reason if there is then no one to take. Rood on Wills, 668.

If the legacy never vests it is properly regarded as having lapsed, whether the event occurs before or after the death of the testator. 2 Redfield on Wills, 157.

D. L. MOURNING, J. F. FLOYD, and E. L. MILLS, for defendant in error:

The intention of the testator prevails over the disposition of courts to favor a construction giving the fee to the first taker. *Bradsby* v. *Wallace*, 202 Ill. 239.

The fourth clause of the will gives to Marshall Teel a fee, which by the seventh clause becomes base or qualified in nature, with a limitation over which takes effect by way of executory devise. Tiedeman on Real Prop. (2d ed.) secs. 44, 537; *Fifer* v. *Allen*, 228 Ill. 507; *Bradsby* v.

*Wallace,* 202 id. 239; Kales on Future Interests, chap. 5, sec. 162.

The ultimate devise takes effect and vests at the death of the first devisee, and the persons who are to take must be determined at that time. *Bullock* v. *Downs,* 9 H. L. Cas. 1; *Mortimore* v. *Mortimore,* L. R. 4 App. Cas. 448; *Stewart's Estate,* 187 Pa. St. 383; *DeWolf* v. *Middleton,* 18 R. I. 810; *Tucker's Will,* 63 Vt. 144; *Summers* v. *Smith,* 127 Ill. 645; *Smith* v. *Kimbell,* 153 id. 368.

The law is, that a clear gift may be cut down by any language in a subsequent clause which indicates with reasonable certainty an intention to cut it down. It is not the rule in this State that the words of revocation must be as clear as the words of original gift. 29 Am. & Eng. Ency. of Law, (1st ed.) 369; *Becker* v. *Becker,* 206 Ill. 55; *Kohtz* v. *Eldred,* 208 id. 71; *Siegwald* v. *Siegwald,* 37 id. 430; *Wicker* v. *Ray,* 118 id. 472; *Bowen* v. *John,* 201 id. 296.

The testator clearly expresses an intention in the seventh clause of his will to impose a limitation on the devise contained in the fourth clause, and such intention should not be defeated, even though a contingency may arise in the future rendering it uncertain in whom the estate may ultimately vest. *Orr* v. *Yates,* 209 Ill. 238.

The words "not so dying," when referable to a particular time, include those living at such time as well as those having died in a manner different from that against which provision is made. We believe that this interpretation is in accordance with the strict grammatical construction of the language used, but the courts have gone much further and held that the testator's intention must prevail over the strict grammatical construction of his testamentary language. *Worman* v. *Teagarden,* 2 Ohio St. 380; *Brasher* v. *Marsh,* 15 id. 103; *Thompson* v. *Thompson,* 4 id. 333.

Where a strict adherence to grammatical construction would frustrate the intention, the court may transpose, re-

ject and supply words, and a greater latitude is allowed in the construction of wills than in other legal instruments. *Huffman* v. *Young,* 170 Ill. 290; 29 Am. & Eng. Ency. of Law, (1st ed.) 371; 1 Jarman on Wills, 499-502; *Orr* v. *Yates,* 209 Ill. 330.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 2, 1902, James A. Teel, of Schuyler county, died leaving a last will and testament executed by him on February 13, 1902, which was admitted to probate, and leaving Elizabeth Teel, his widow, and Neosha M. Mills, Herschel V. Teel, Walter H. Teel and Marshall E. Teel his children and heirs-at-law. When the will was made and at the death of the testator Neosha M. Mills was married and had three children. Herschel V. Teel and Walter H. Teel were married but had no children, and Marshall E. Teel was unmarried. By the will the testator gave to his widow, Elizabeth Teel, her dower as at law in his real estate, with the possession and use of his homestead during her life and his personal estate after the payment of debts, costs of administration, legacies and bequests for her life, with a gift over at her death of whatever personal property might remain, to his children in equal parts. By the third paragraph he devised to his son Herschel V. Teel certain lands described therein and the remainder after the life estate in the homestead, and a sum of money. By the fourth paragraph he devised to his son Marshall E. Teel 360 acres of land, which afterward became the subject of litigation under the will, and also certain bank stock and money. By the fifth paragraph he devised to his son Walter H. Teel certain lands therein described. By the sixth paragraph he devised to his daughter, Neosha M. Mills, for and during her natural life, certain described lands, with remainder in fee simple to the child or children of said

Neosha M. Mills living at the time of her decease, in equal parts and proportions, and if any child of hers should be dead leaving a child or children then living, such child or children were to take the same proportion thereof as the parent would if living. The seventh paragraph was as follows:

"*Seventh*—If any or either of my aforesaid children shall die leaving no child or children or descendant or descendants of such child or children living at the time of his, her or their decease, then and in that case I hereby give and devise all the real estate so above given to him, her or them to the others and remaining children or child not so dying, in equal proportions, in fee simple in remainder forever."

The testator stated in the ninth paragraph that he had used his best endeavor, in valuing the real estate, to make the division and distribution thereof equal among his children, and felt that he had succeeded therein as far as practicable.

After the death of the testator the son Marshall E. Teel married, and he died about December 23, 1908, leaving Nyna Teel, his widow, but leaving no child or children or descendant. On February 10, 1909, Neosha M. Mills filed her bill in the circuit court of Schuyler county against her brothers, Walter H. Teel and Herschel V. Teel, her mother, Elizabeth Teel, the widow of the testator, and the three children of the complainant, Ruth Mills, Teel Mills and Theodore R. Mills, praying for partition of the lands devised to Marshall E. Teel, and claiming that by his death without issue the title to said lands became vested in fee simple in her and her two brothers, subject to the dower of Elizabeth Teel. Nyna Teel answered, averring that her husband became the owner in fee simple of said lands subject only to the dower of his mother, Elizabeth Teel; denying that the lands had passed by executory devise to the complainant and her brothers, and claiming that they had

descended to her and the other heirs-at-law subject to the dower of the widow of the testator. Herschel V. Teel and Walter H. Teel by their answers denied that Marshall E. Teel had a base or determinable fee under the will, but alleged that he took the fee simple title which had descended to his heirs subject to the dower of Elizabeth Teel and the dower rights of his widow. Elizabeth Teel answered claiming a quarter section of the land, and the infant children of complainant answered by their guardian *ad litem.* The cause was heard by the chancellor, who found and decreed in accordance with the bill and ordered partition accordingly. The defendant Nyna Teel sued out a writ of error to review the decree and joined the other defendants with her as plaintiffs in error. She alone assigned error, and the others were brought into court by service of process or publication. Through an erroneous entry of the clerk the cause was taken under advisement, but upon discovering that only one of the plaintiffs in error had assigned error and that there had been no severance, the order taking the case under advisement was set aside. (*Mills* v. *Teel,* 244 Ill. 39.) An order of severance was afterward entered, and the plaintiff in error Nyna Teel was permitted to prosecute the writ of error alone.

By the third, fourth and fifth paragraphs of the will the testator devised in fee simple certain lands in severalty to his three sons, and by the sixth he devised other lands to the complainant for her natural life, with remainder to her children or their descendants. By the seventh paragraph he attempted to cut down the estates devised in the previous paragraphs from estates in fee simple to base or determinable fees, and provided that they were to go over by executory devise under the conditions therein specified. That paragraph is the subject of contention between the parties and their rights depend upon its construction and validity.

The purpose of construction is to ascertain the intention of the testator, in order that, if possible, it may be given effect. But that intention must be ascertained from the words employed by him in the light of his situation and the attending circumstances. If by such means the intention becomes clear and apparent, the court may disregard false words of description or restrict the application of words, but cannot change words of plain meaning and substitute something else. In such construction the law favors the heir, and will give a fee simple to the first devisee unless limiting and qualifying words clearly disclose a contrary intention. (*Becker* v. *Becker,* 206 Ill. 53; *Kohtz* v. *Eldred,* 208 id. 60.) Unless there is a valid executory devise by the seventh paragraph, the devise in fee simple to Marshall E. Teel by the third paragraph was not affected. The condition fixed by the testator upon which an executory devise was to take effect was that any or either of his children previously mentioned should die leaving no child or children or descendant or descendants of such child or children living at the time of his, her or their decease, and upon the happening of that event the estate devised to such child was to go over to the other and remaining children or child not so dying. The plain and natural meaning of these words descriptive of the executory devisees is, that they should be children of the testator not dying in like manner or under the same circumstances as the deceased child,—*i. e.,* leaving no child or children or descendant or descendants living at the time of their decease. (Webster's Int. Dict.; Standard Dict.) The executory devise is not to the other children or the survivors, but to those "not so dying,"—or, in other words, to those dying leaving a child or children or descendants. If the words are given their literal meaning there is no person, and will be none, who can take under the seventh paragraph, since no living person can fulfill the description. According to that meaning the executory devise cannot vest until the death of all the

children, when it can be determined whether they died leaving a child or children or descendants.

The argument for the defendant in error is, that the words "not so dying" can be transposed so as to read "not having so died" without materially changing their meaning, and that such transposition ought to be made. That, however, would not relieve the situation of its difficulties but would rather tend to frustrate and defeat the conceded intention, of the testator. The general scheme for the disposition of his property was to keep the title in his children and lineal descendants. The devise to Neosha M. Mills was for her life with remainder to her children, and in case of the death of one of her children leaving a child or children such child or children were to take the share of the parent. If she left no child or descendants living at her decease, or if either of the sons should die leaving no child or children or descendant or descendants, the purpose of the seventh paragraph was to bring the estate back into the line of descent. It would not be in accordance with that intention to give the share of one dying without issue to others without issue, by which it would go, in the end, to collateral heirs. The testator left four children, only one of whom, the complainant, Neosha M. Mills, had children. If she should die leaving children and one of her brothers should afterward die without issue, then, under the construction contended for in her behalf, her children, who are lineal descendants of the testator, could not take a share of the lands of the one dying without issue, not being children of the testator nor within the statute preserving devises to lineal descendants where a devisee dies before the testator. She could not take because she would not be living and would not answer the description "not having so died," because at her death she left issue. The remaining sons who are without issue would take, and by successive deaths the greater part of the estate might finally pass to collateral heirs. Considering the intention of the

testator, it would be a strange proposition that lands should go, upon the decease of a devisee without issue, in fee simple in remainder forever, to a devisee who had no issue, when he holds the lands directly devised to him subject to a devise over in default of issue. There is no method consistent with the intention of the testator by which the words used can be given any other than their natural and literal meaning.

We conclude that the executory devise attempted by the seventh paragraph is ineffective and insufficient to restrain or limit the generality of the devises in the previous paragraphs of the will. The Statute of Descent has provided a definite succession of real estate, which can only be superseded by a valid disposition different therefrom, and as the seventh paragraph cannot be given effect, Marshall E. Teel was the owner in fee simple of the lands in question, and they descended to his heirs-at-law according to the statute.

The decree is reversed and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.          *Reversed and remanded.*