(No. 14046.—Decree affirmed.)
JACOB ROMER *et al.* Defendants in Error, *vs.* NORMA ROMER *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1921.*

1. WILLS—*when remainder vests at death of life tenant and is not cut down to base fee.* Under a will providing that upon the death of the life tenant the "children then surviving, and the descendant or descendants of any deceased child," shall take the remainder *per stirpes,* the remainder will vest in fee at the death of the life tenant and is not cut down to a base fee by a subsequent provision that if any children die without issue surviving, the share of such deceased child shall go to the testator's heirs-at-law.

2. SAME—*law favors vested estates.* In doubtful cases the law favors that construction of a will which will give the first taker a fee simple.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

LYMAN S. MANGAS, guardian *ad litem,* for plaintiffs in error.

McCORMICK & MURPHY, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court on writ of error to the circuit court of Logan county, where a decree was entered for the partition of certain real estate which comprised the property of Anton Romer, deceased.

Anton Romer lived in Logan county, Illinois, for several years and died testate in that county April 6, 1914. At the time of his death he owned a 134-acre farm and some residence property in Mt. Pulaski. He left surviving him his widow, Mary Romer, seven children, all of whom were married before this suit was begun and three of whom had children, and also four grandchildren, who were the children of testator's son Joseph, who died before the testator's death and before the will was executed. The testator made a will February 1, 1910. His widow, who under the will had a life estate in all of the testator's property, died February 8, 1920. In May, 1920, two of testator's sons filed a bill for partition of the lands in question, alleging that the seven surviving children and the four children of the testator's deceased son were now the owners in fee of the real property as tenants in common. The necessary persons were made defendants, including the children of testator's children, and a guardian *ad litem* was appointed for them. The court entered a decree for partition as prayed in the bill, and this writ of error is prosecuted by the minor defendants.

The second paragraph of the will gave the testator's wife all his real and personal estate for life. The construction of the third and sixth paragraphs is directly involved. Those paragraphs are as follows:

"*Third*—Upon the death of my said beloved wife I give, devise and bequeath unto my children then surviving, and the descendant or descendants of any deceased child or children, all the remainder of my estate, real, personal and mixed, to be divided among them share and share alike, *per stirpes,* the children or child or descendant or descendants of any deceased child or children to take the share his, her or their parent would take if then alive, subject to the other provisions of this my will.

"*Sixth*—If any of my said children shall die leaving no child or children surviving him, her or them at the time of his, her or their death, or descendant of a child or children

surviving him, her or them at the time of his, her or their death, then it is my will that the share or portion of my estate hereby given to such child or children who shall so die leaving no child or children or descendant or descendants of a child or children him or her surviving shall go to and vest in my heirs-at-law."

The circuit court construed the estate and interest devised to testator's children and the children of his deceased son, Joseph, to be a contingent remainder, subject to vest as an indefeasible fee simple absolute, upon the death of the life tenant, in such of the children as survive her. The plaintiffs in error contend paragraph 6 of the will so qualifies paragraph 3 as to make the estate of the testator's children a base fee, which never could become indefeasible unless at their death they left descendants surviving, and in the event they left no such descendants then there was an executory devise over to testator's heirs-at-law; that, considering both paragraphs referred to, the meaning and intention of the testator was, that the estate devised the testator's children should not become an indefeasible fee simple at the death of the life tenant but should become such only at the death of the children leaving descendants; that the death the happening of which vested the fee simple in the children was not the death of the life tenant but the death of the children at any time, leaving no descendants surviving.

The mere fact that paragraph 6 is separated by two intervening paragraphs from paragraph 3 is of no special significance. The two sections might well have been one, as they make final disposition of the estate and are to be read and considered together. When so considered their meaning seems to us clear that the devise to testator's children was of a fee simple absolute in such of them as survived the life tenant. If any of them died before the death of the life tenant, leaving children, such children should take the same estate and share their parents would have taken

if living, but if any child of the testator died before the death of the life tenant, leaving no children or descendants of children, then its share should go to testator's legal heirs. When the contingency happened upon which the vesting of the fee depended it became an indefeasible fee in the children, not subject to be divested upon their death without leaving children or descendants of children surviving. This must be the construction given the will unless the language shows that the death referred to by the testator at which the fee simple absolute should vest meant a death at a later date than the termination of the life estate. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11; *Sheley* v. *Sheley,* 272 id. 95; *Morris* v. *Phillips,* 287 id. 633; *Welch* v. *Crowe,* 278 id. 244; *Fulwiler* v. *McClun,* 285 id. 174; *Beaty* v. *Calliss,* 294 id. 424; *Whittington* v. *Hunt,* 296 id. 133.) In *Fulwiler* v. *McClun, supra,* the rule was stated to be that "where the devise is not immediate but is of a future interest, to take effect in possession upon the termination of an intervening particular estate, as in the case of a devise of a life estate with remainder to another upon termination of the life estate. In such a case, unless the will shows that the testator intended to refer to a later date than the termination of the life estate, the rule is that the gift over will take effect if the contingency happens at any time during the existence of the particular estate, and death without issue means death without issue before the death of the life tenant."

There is nothing in the language of this will to justify construing it to mean that the death referred to, upon the happening of which the remainder in fee simple should vest, means death at a later date than the termination of the life estate. To our minds this seems clear. The devise made by the third paragraph of the will is to testator's children who survive the life tenant and to the children of his deceased son, to take effect in possession at the death of the life tenant. The gift was of both real and personal property. If the construction of the will contended for by

plaintiffs in error should be sustained it could only affect the estate devised to testator's children.  His four grandchildren, the children of his deceased son, Joseph, would be unaffected by the construction that would give the testator's children a base or determinable fee.  Said grandchildren would become vested with a fee simple title to one-eighth of the property at the death of the life tenant.  There is nothing in the will to indicate the testator intended to favor his four grandchildren above his own children.  His purpose was to make provision for the children of such of his children as died before the death of the life tenant. After the estate devised his children vested it was not subject to be divested in any event.  The testator's personal estate was disposed of by the same language the land was devised.  Other paragraphs (4 and 5) of the will charged the shares of two of testator's sons with the payment of money they owed him and a note of one of them on which he was security.  The charges against the share of one of the sons was $2000 and against the other $250.  It is stated by counsel for defendants in error, and not denied, that the entire personal estate of the testator at the time of his death did not exceed in value $5000.  It is apparent that one of his sons, at least, would not get enough of the personal estate to pay the charges against his share of the estate.  No provision was made authorizing an executor or trustee to take charge and custody of his share or interest in the estate and apply the income to the payment of the charges until they were satisfied.  To say the least, these matters would raise a doubt as to the estate devised the children, and it is well settled that in doubtful cases the law favors the construction that will give the first taker a fee simple.  *Mills* v. *Teel,* 245 Ill. 483; *Williamson* v. *Carnes,* 284 id. 521; *Sheridan* v. *Blume,* 290 id. 508.

The decree of the circuit court was correct, and it is affirmed.                                   *Decree affirmed.*