ELIZABETH STRICKLAND, Appellee, *vs.* ALEXANDER H. STRICKLAND *et al.* Appellants.

*Opinion filed February 16, 1916.*

1. WILLS—*rule of ejusdem generis stated.* Where, in a contract or other written instrument, there is a general description coupled with an enumeration of specific things or kinds of property, the general description will commonly be held to embrace only those things of a like kind with those enumerated.

2. SAME—*when will is construed in light of surrounding circumstances.* In construing a doubtful provision in a will the intention of the testator must be found from the words employed by him, viewed in the light of his circumstances and surroundings, including the state of his property and his family.

3. SAME—*when will does not give wife the bank account and certificates of deposit in fee.* A bequest to the testator's wife of all of the testator's "household goods and other chattel property, if any, to be hers in fee," will not be held to give the wife the testator's bank account and certificates of deposit absolutely, where the testator requested in the same clause that there be no appraisement, as he had given his wife, absolutely, "the articles usually appraised;" where he also, in a subsequent clause, bequeaths and devises to his wife a life estate in all the rest, residue and re-

mainder of his property, and where the husband and wife were each over eighty years of age when the will was made and had always lived on the income from the property. (*Taubenhan* v. *Dunz*, 125 Ill. 524, distinguished.)

4. SAME—*what does not necessarily amount to power of sale.* The fact that the testator bequeaths and devises to his wife all the rest and residue of his property "for her use during the term of her natural life, she to have absolute control of same during her lifetime," does not necessarily amount to a power of sale nor give the wife any power to dispose of the fee of the real estate or the *corpus* of the personal estate.

5. SAME—*when remainder is vested.* Where the testator provides that after the death of his wife all of the property remaining shall go to his four named children in equal parts, share and share alike, and should any of the children pre-decease the wife, "then such child's portion shall revert to my estate and be divided among my surviving children or the heirs of their bodies, in equal parts," the remainder to the children is vested.

6. SAME—*when solicitor's fees for complainant should be allowed.* If the testator has expressed his intention so doubtfully that it is necessary to resort to the courts to determine which of two adverse claims is valid the cost of the litigation should be borne by the fund or property in question, and it is proper to allow fees for the complainant's solicitors.

APPEAL from the Circuit Court of Woodford county; the Hon. T. M. HARRIS, Judge, presiding.

KIRK & SHURTLEFF, for appellants.

BOSWORTH & BOSWORTH, and RIELY & RIELY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Woodford county construing the last will and testament of James M. Strickland. Said testator was the husband of the complainant and appellee, Elizabeth Strickland, and the father of Alexander H. Strickland, Elizabeth Hibbs, Susan Buell and Louisa Buell. Said Alexander H. Strickland and Elizabeth Hibbs answered and contested the case on the trial below and have appealed from the decree to this court.

Said Susan and Louisa Buell have not appealed, apparently being satisfied with the decree.

Omitting the formal opening and closing, the will reads as follows:

"*First*—I desire and direct that all my just debts, funeral and similar expenses be paid with as little delay as possible and in the regular course of administration.

"*Second*—I give and bequeath to my wife, Elizabeth Strickland, all of my household goods and other chattel property, if any, to be hers in fee. I also request that there be no appraisement of my estate. The inventory will be sufficient, so long as I have given the articles usually appraised to my wife absolutely.

"*Third*—All the rest, residue and remainder of my property, of every kind and nature and wherever situated, I give, bequeath and devise to my wife, Elizabeth Strickland, for her use during the term of her natural life, she to have absolute control of same during her lifetime.

"*Fourth*—After the death of my wife, Elizabeth Strickland, I give, devise and bequeath all of the property remaining to my four children, Alexander H. Strickland, Elizabeth Hibbs, Susan Buell and Louisa Buell, in equal parts, share and share alike. Should any of my children predecease my wife, then such child's portion shall revert to my estate and be divided among my surviving children or the heirs of their bodies, in equal parts.

"*Fifth*—The bequests herein are in lieu of dower, award or any other claims under the statutes of Illinois.

"*Sixth*—I nominate and appoint my wife, Elizabeth Strickland, to be the executrix of this will and request that she be permitted to serve without bond."

The instrument was dated November 29, 1913. The testator died December 30, 1914, and the will was probated on February 1, 1915. At the time of his death the testator was about eighty-three years of age and was living in El Paso, Woodford county, where he had removed a few years previous when he retired from working his farm of seventy-three acres and rented it to his son-in-law. The testator owned also a house and lot in El Paso, which was furnished with very old furniture of little value,—according to the testimony worth less than $50. He had a little money in bank and certificates of deposit amounting to about $9000,

The chief point in dispute in the briefs is whether the testator, by paragraph 2 of the will, gave his wife not only the household goods, but the money in bank and the certificates of deposit. The master in chancery to whom the matter was referred to take evidence found that under this clause the widow took only the household goods, but the trial court entered a decree finding that she took not only the household goods but the money and certificates of deposit as well, absolutely, by said second clause.

There is force in the contention of counsel for appellants that the words "other chattel property, if any," following the words "household goods," should be limited to chattel property of the same character as household goods, under the rule *ejusdem generis*. In construing statutes, contracts and other instruments it is frequently stated that when there is a general description, coupled with an enumeration of specific things or kinds of property, the general description is commonly understood to embrace and include only those things of a like kind with those enumerated. (*Misch* v. *Russell*, 136 Ill. 22; *Gage* v. *Cameron*, 212 id. 146; Anderson's Law Dict. 394; Endlich on Interpretation of Statutes, secs. 399, 400; 2 Lewis' Sutherland on Stat. Const.—2d ed.—sec. 422; *Stuart* v. *Marquis of Bute*, 11 Ves. Jr. 657.) In the last named case it was held that the words "goods and chattels" in a will ordinarily will pass all the personal estate, but if those words come after the word "furniture" they are restricted to articles *ejusdem generis*, "as in the case of a silversmith, by whose bequest of all his furniture, books and chattels his stock in trade would not pass." But the rule just referred to is only one of many rules of construction which are employed for the same end,—that is, to ascertain the intention of the testator. (*Webber* v. *City of Chicago*, 148 Ill. 313.) The first and great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator as expressed in his will must prevail, provided it be con-

sistent with the rules of law. (*Wardner* v. *Baptist Memorial Board,* 232 Ill. 606.) In finding this intention courts have laid down another rule which must always be kept in mind : that the intention of the testator must be found from the words employed by him in the will in the light of his circumstances and surroundings, such as the state of his property and his family. *Mills* v. *Teel,* 245 Ill. 483; *Wallace* v. *Noland,* 246 id. 535; *Kaufman* v. *Breckinridge,* 117 id. 305.

The evidence tends to show that the testator and his wife had lived for years very economically, solely from the income of the property and without spending any of the principal, even though they had both been somewhat feeble and in poor health for some time previous to his death. The record does not show clearly the age of Elizabeth Strickland, but she was between eighty and eighty-six. In the fourth clause of the will it was provided that "after the death of my wife, Elizabeth Strickland, I give, devise and bequeath all of the property remaining to my four children." The use of the words "devise and bequeath" in this clause indicates that the testator intended by said fourth clause to include personal property as well as real estate, whereas if the appellee's contention is correct there would be no personal property to bequeath to the children. The use of the words "if any," in said second clause, also adds strength to the conclusion that the testator did not intend to give the certificates of deposit and money to his wife. He certainly knew that he and his wife had been living on the income of the property and that she alone could live on what had sufficed for both, and it is most reasonable to assume, in view of all the circumstances and surroundings, that he, a man over eighty, would not expect all of the principal of the certificates of deposit to be used up before his death. Moreover, the last words of said clause, "I have given the articles usually appraised to my wife absolutely," are in harmony with the construction that he did not intend

to give the bank account or certificates of deposit to his wife by this clause, as anyone familiar with such accounts and certificates knows that it is not usually necessary or customary, if in a solvent bank, to have them appraised.

Counsel for appellee argue that the second clause clearly shows that the testator intended to give the property therein described to his wife absolutely. With this we agree. They rely on the case of *Taubenhan* v. *Dunz*, 125 Ill. 524, as upholding their contention that the second clause should be construed as giving the money and certificates of deposit to appellee absolutely. The wording of the will in that case was so different from the wording here that it cannot be controlling. Indeed, the reasoning in that case does not tend to uphold the argument of counsel for appellee. We do not deem it necessary to discuss the numerous decisions cited by counsel on this point. It is an old and familiar rule, frequently referred to, that while cases on wills may furnish general rules of construction, each will must be construed in the light of its own language and the facts and circumstances surrounding the testator at the time the will was made, and for that reason decisions in will construction can have little weight as to any particular will, the courts always looking to the intention of the testator as the polar star to direct them. (*Smith* v. *Bell*, 6 Pet. 68; *Boyd* v. *Strahan*, 36 Ill. 355; *Wallace* v. *Noland, supra.*) Construing section 2, together with the entire will, in the light of the situation and facts surrounding the testator at the time the will was executed, we can reach no other conclusion than that he only intended to give, by the second clause, his household goods and other like chattel property to his wife absolutely, and not the money and certificates of deposit; that he intended by the third and fourth clauses of the will to give the certificates of deposit and money in bank, and all his other property except household goods and other like chattel property, to his wife for and during her natural life; and, subject to said life use, to give said certificates, money

and property to his children or the other heirs designated in said fourth clause.

Counsel for the appellee further argue that as the third clause provides that the widow shall have absolute control of all the property given to her for life, that fact requires the will to be construed as giving the wife the implied power to sell any of the personal property included in that clause and to sell and convey the real estate and use as much of the proceeds as she desires during her life. With this we do not agree. It has long been the established law that a power of sale attached to a life estate will not have the effect to enlarge it into a fee. (*Welsch* v. *Belleville Savings Bank,* 94 Ill. 191; *Henderson* v. *Blackburn,* 104 id. 227; *Kaufman* v. *Breckinridge, supra.*) Moreover, there are no words in the will that specifically give her the power to sell or dispose of either the real or personal property, except the household goods and other similar chattels. She was to have the use and absolute control, but reading the entire will together, in view of all the facts in this case, we do not think the testator intended to give her any power of sale. Appellee has no authority to dispose of the fee in the real estate, nor has she the right to use the *corpus* of the property, except the household goods and other similar chattels. See *Thompson* v. *Adams,* 205 Ill. 552.

The decree of the circuit court found, and counsel for the appellee contend, that the children of the testator were only given a contingent remainder, and that their interest will not vest until the death of the appellee. The question whether the remainder under this will is vested or contingent depends largely upon the construction of said fourth clause of the will. This court has had frequent occasions to discuss vested and contingent remainders. In the recent case of *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, the court considered this question and reviewed many of the authorities on this subject, and there quoted with approval, as a test which is generally regarded as sufficient to determine the

question, the rule laid down by Gray in his book on Perpetuities, (sec. 108,) as follows: "If the conditional element is incorporated into the description of or into the gift to the remainder-man then the remainder is contingent, but if after words giving a vested interest a clause is added divesting it the remainder is vested. Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent." Under this rule, and under the reasoning of this court in *Lachenmyer* v. *Gehlbach, supra,* and cases there cited, the remainder in the children must be held to be vested and not contingent. We find nothing in the case of *People* v. *Byrd,* 253 Ill. 223, not in harmony with this conclusion.

The trial court refused to allow solicitor's fees to counsel for appellee out of the estate. Appellee's counsel have filed cross-errors questioning this part of the decree. The general rule is, that when the testator has expressed his intention in his will so ambiguously as to make it necessary to go into court in order to determine which of two adverse claims to the estate is valid, the cost of the litigation should be borne by the fund or property in question. (*Ingraham* v. *Ingraham,* 169 Ill. 432; *Kendall* v. *Taylor,* 245 id. 617; *Dean* v. *Northern Trust Co.* 266 id. 205.) We think it is apparent from this will and on this record that there was an honest difference of opinion as to the proper construction to be placed on the will, and that reasonable solicitor's fees should be allowed by the trial court.

The judgment of the circuit court will be reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*