## Dime Savings & Trust Company et al., Appellees, v. Julia Ballance Watson et al., Appellants.

### Gen. No. 6,409.

1. WILLS, § 435*—*when solicitors' fees and expenses not allowed to beneficiaries out of estate in action to construe will.* In a suit brought by the trustees under a will for a construction of the will, making the heirs at law and the beneficiaries under the will parties, who appear by counsel, solicitors' fees and expenses in the Supreme Court on appeal by the beneficiaries from the decree of the trial court construing the will are not allowable to the beneficiaries out of the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  COSTS, § 75*—*what does not constitute laches in reinstating and redocketing petition for solicitors' fees in Supreme Court.* A petition for allowance of solicitors' fees and expenses in the Supreme Court on an appeal which was stricken from the docket with leave to reinstate on a peremptory call, *held* not dismissible for laches when reinstated and redocketed on motion of the petitioner 3 years later.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed August 7, 1917.

MONTGOMERY, HART, SMITH & STEERE, for appellants.

STEVENS, MILLER & ELLIOTT, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

The trustees under the will of John Green Ballance filed a bill for its construction. The heirs at law and beneficiaries appeared by counsel. There was a decree finding certain paragraphs in violation of the rule against perpetuities and the property there referred to intestate. Six of the beneficiaries appealed to the Supreme Court where the decree was affirmed. A statement of the case may be found in *Dime Savings & Trust Co. v. Watson,* 254 Ill. 419. The decree ordered $2,500 to be paid from the trust fund for fees and expenses of appellants' solicitors in the trial court. This provision was not questioned on appeal. A copy of the order of affirmance was filed in the Circuit Court June 21, 1912, and at the same term of court appellants filed their petition for an allowance for expenses and solicitors' fees incurred in the Supreme Court. The hearing on that petition was continued until the next term, and thereafter, on March 13, 1913, on a peremptory call, the case was stricken from the docket with leave to reinstate. More than 3 years afterwards, June 10, 1916, on motion of appellants,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the case was redocketed and reinstated.  The trustees filed a motion to strike the petition from the docket on the grounds (a) that petitioners were not entitled to an allowance for solicitors' fees and expenses in the Supreme Court; and (b) that they were guilty of laches in allowing their petition to be stricken from the docket for want of prosecution and no action taken therein for more than 3 years.  The chancellor sustained the motion and entered an order that the petition be dismissed for want of equity, and that the cause be stricken from the docket of the court, from which order this appeal is prosecuted.

The petition set up in detail the facts with reference to the appeal to and trial in the Supreme Court. Grave and difficult questions and a large amount of property were involved.  The decree was affirmed by a divided court.  It is clearly a case in which prudent business men, in appellants' position, guided by competent legal counsel, would not submit to the decree of the trial court without appeal.  The question here is whether in cases of difficulty to determine the legal effect of wills, making it necessary to go into a court of equity for a construction, attorneys' fees and expenses of the defeated party in an unsuccessful appeal should be borne by the estate.  It is settled by repeated decisions in this State that in such cases attorneys' fees for services in the trial court are to be so borne.  (*Woman's Union Missionary Society of America v. Mead,* 131 Ill. 338; *Ingraham v. Ingraham,* 169 Ill. 432; *Lombard v. Witbeck,* 173 Ill. 396; *Arnold v. Alden,* 173 Ill. 229; *Lewis v. Sedgwick,* 223 Ill. 213; *Dean v. Northern Trust Co.,* 266 Ill. 205; *Guerin v. Guerin,* 270 Ill. 239; *Strickland v. Strickland,* 271 Ill. 614.)  In *Ingraham v. Ingraham, supra,* there was a motion in the Supreme Court for allowance of attorneys' fees in that court, which was denied.  The court held fees properly allowed in the trial court, but said

it had no jurisdiction to determine or pass upon the reasonableness of attorneys' fees not adjudicated upon by the court below.

In *Lewis v. Sedgwick, supra,* it was assigned as error that the court refused to allow an attorney's fee for services to be rendered on appeal. It did allow a fee of $500, to be paid to the solicitor of the unsuccessful party for services in the trial court. The Supreme Court said there was no showing that would justify interference with the action of the trial court in regard to the allowance or disallowance of fees. It therefore seems that solicitors' fees for services to be rendered in the Supreme Court in cases like this cannot be fixed and allowed in advance by the trial court, and that the question cannot be determined by motion in the Supreme Court; therefore the question whether they are or are not allowable is here raised in the only available place. It is not claimed by appellants that any decision of our Supreme Court settles that question, but they suggest that in *Guerin v. Guerin, supra,* and *Strickland v. Strickland, supra,* the Supreme Court instructed the lower court to allow reasonable solicitor's fees, and that it is a fair inference that solicitor's fees on appeal were intended and included. We do not think those cases capable of that construction. In each case the court was passing on the allowance of solicitor's fees for work performed in the court below, and if it had intended to decide the further question of solicitor's fees in the Supreme Court it would have clearly said so.

In *Sherman v. Leman,* 137 Ill. 94, it was held that the expenses and costs of prosecuting appeals by the trustee from the Circuit Court to the Appellate Court and Supreme Court were not expenses of administering the estate; that the expenses and costs in determining the validity of the will were rendered necessary by the language employed by the testator and were therefore a proper charge on the *corpus* of the

estate, but that matter was determined by the decree of the Circuit Court, which had full jurisdiction. Its orders and decrees in respect to the removal and appointment of the trustee, and the administration of the trust, were ample protection to all persons acting under them, and the interest of the estate did not require the prosecution of appeals; that Leman had the right to appeal, but the exercise of that right involved considerations affecting him personally only, and not such as materially affected the trust estate.

It is said in Perry on Trusts, sec. 920: "The trustee himself will be protected by the decree of any court having jurisdiction regularly upon proper notice given, but if he appeals from such decree to a higher court he may be compelled to pay costs." It is familiar law that a decree of a trial court protects parties acting under it before a writ of error is sued out, notwithstanding it is afterwards reversed. (*Kuzak v. Anderson*, 267 Ill. 609, and cases there cited.) In the present case it was for the benefit of the estate that an authoritative decree be obtained to guide the executors and trustees in its administration and distribution. Appellants named as beneficiaries in the will were necessary parties in that suit. Expenses incurred by them were a part of the outlay in reaching a decree on which the trustees could properly act; therefore it seems equitable that the estate should bear the burden of those expenses; but when that decree was rendered there was no further obstacle in the way of administering the estate and distributing the property; it was then of importance to individuals only whether the decree should be affirmed or reversed. Perhaps cases may be imagined where appeal may be necessary for the benefit of the estate, but under the circumstances of this case we think on principle as well as authority appellants should be considered as prosecuting the appeal for their own interests, and at

their own risk, and therefore the court did not err in dismissing the petition for want of equity.

Consideration of the question of laches is not necessary to the decision of this case. The trial court apparently did not rest his decision on that ground. We are inclined to the opinion that on this record the petition could not have been dismissed for that reason. The decree is affirmed.

*Affirmed.*