William Strauss et al., Appellants. William Strauss et al., Appellees, v. Sidney Strauss et al., Appellees.

Gen. No. 9,073.

Opinion filed January 17, 1938.

H. G. GREENEBAUM, CYRIL A. BURNS and A. H. FELL-HEIMER, all of Pontiac, and GEORGE C. WEAVER, of Pittsfield, for appellants.

BROWN, HAY & STEPHENS, of Springfield, for appellee Albert Strauss; ALBERT C. SCHLIPF and ROBERT W. WILLIAMSON, of Springfield, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

Plaintiff appellants herein have appealed from an order of the circuit court of Pike county, Illinois, allowing solicitors' fees in the sum of $1,000 to counsel for defendant appellee Albert Strauss, for services performed in the Supreme Court in a chancery suit filed by the plaintiffs to construe certain provisions of the last will and testament and codicils thereto of one Isaac Strauss, deceased.

It appears that Strauss was a merchant and real estate dealer who had died testate in said county, leaving a last will and testament, with three codicils,

providing numerous legacies and trust funds for the benefit of his wife, seven children and certain grandchildren, and for the continuance of certain business enterprises in all of which a brother held an undivided half interest; that the gross value of the property of decedent for inheritance tax purposes was $614,000 (subsequently valued at $500,000 in the hearing in which said solicitors' fees were allowed), which included a trust fund of $75,000 from which the defendant appellee, Albert Strauss, was to receive a life income, in addition to his claim to a one-seventh interest in the alleged residuary estate and lapsed legacies in question of a value of about $15,000.

Issues were joined on the original and supplemental bills of complaint and answers thereto and tried in the circuit court, and a decree was entered in conformity with the contentions of the defendant appellee, Albert Strauss. The plaintiffs thereupon appealed from said decree, and the Supreme Court, in the case of *Strauss v. Strauss,* 363 Ill. 442, 2 N. E. (2d) 699, "affirmed in part and reversed in part" the decree of the lower court, and the cause was remanded with directions to the chancellor of the lower court to enter a decree in conformity with the opinion and mandate of the Supreme Court therein. Upon a motion for a rehearing in the Supreme Court, the opinion was modified, and a dissenting opinion was filed by one of the justices.

In passing upon the issues and outline of facts involved in this case, it is not necessary nor will the court undertake to give a full and accurate outline of the allegations of the pleadings, the evidence in support thereof, nor of the findings, decrees and orders of the courts entered in the disposition of the foregoing litigation.

The case was sharply contested, numerous important interests and questions of law were litigated, and in the hearing of the bill upon its merits in the court be-

low, solicitors' fees were allowed to both parties. An attorney fee of $750 was so allowed to defendant's solicitors, from which provision of that decree, no appeal was taken and no objection thereto was made.

The defendant appellee was a son and legatee of the deceased and a necessary party to the proceedings filed by the plaintiff, which sought the construction of the alleged ambiguous provisions of the will and codicils in question. The same attorneys represented the respective parties in contesting the cause in the Supreme Court upon appeal as in the court below. The payment of costs and expenses in the hearing on appeal in the amount of $291.60 was, upon said latter hearing, assessed against the appellee, but no order was entered concerning the allowance or payment of solicitors' fees.

After the cause had been remanded, the defendant appellee, Albert Strauss, filed a petition in the circuit court praying an allowance of both the expenses assessed in the Supreme Court and of reasonable attorney fees for defendant appellee's counsel in preparation and trial of the cause while pending in the Supreme Court.

A hearing was had in the circuit court upon this petition; the records and documents in the proceedings in both the circuit and Supreme Courts were introduced in evidence, and two witnesses were heard on the question of the nature, extent and value of the legal services performed. The law firm of Brown, Hay and Stephens had represented the defendant appellee during the entire proceedings, and Logan Hay testified that in the preparation and trial of the cause pending in the Supreme Court, he had given over 400 hours of actual service therein and that the reasonable, usual and customary value and charge therefor was $1,000. H. G. Greenebaum, a plaintiff and acting of counsel for the plaintiff appellants, testified that the value of

the services performed in both the circuit court and Supreme Court was $1,000. The court found in substance that the services had been so performed by appellee's counsel; that it was necessary for said appellee to appear in the Supreme Court and to defend the decree of the circuit court, wherein he had been made defendant; that he was compelled to and did employ said counsel and had become obligated to pay a reasonable fee for such services necessarily incurred on account of the ambiguities and uncertainties in said will; that the decree had been affirmed in part and reversed in part and remanded by the Supreme Court with directions; that reasonable solicitors' fees for services so necessarily performed were of the value of $1,000, and decreed that the same should be taxed as part of the costs and paid out of the estate of Isaac Strauss, deceased. No allowance was made therein for recoupment of the costs assessed against the appellee in the Supreme Court.

The principal contentions advanced by the appellants in their assignment of errors are that the circuit court was without jurisdiction to assess solicitors' fees for services previously performed in the Supreme Court; that the assessment of any such fees, if allowable, should have been prayed for and allowed in the Supreme Court; that the fixing of the costs and expenses in the Supreme Court had rendered the claim for solicitors' fees *res adjudicata* and that the allowance of $1,000 in fees was, in any event, excessive, in view of the nature and extent of the services performed.

The defendant appellee contends that the circuit court was the proper and only court of original jurisdiction in which this question could be heard; that the Supreme Court could only take jurisdiction thereof on appeal and had no original jurisdiction to fix or assess solicitors' fees for services in said cause, either

independent of or as a part of the costs accruing in said court in said proceedings; that such fees were properly and lawfully allowable to appellee as an interested and necessary party defendant, so appearing in a suit to construe a will; that the amount allowed was reasonable, based upon the evidence and so allowed within the sound discretion of the trial court therein.

Under the well settled rule of law of this State in cases where the will of a deceased testator must be judicially construed, reasonable solicitors' fees of necessary parties may be allowed by the court and taxed as costs payable out of the estate of the deceased. The equitable reason for this allowance is that where a testator has by his will expressed himself so ambiguously as to justify resort to a court of equity to obtain a judicial construction of the will, it is only just that the solicitors' fees of necessary interested parties which have been incurred in procuring a judicial construction of the will should be borne by the testator's estate. *Women's Union Missionary Society v. Mead,* 131 Ill. 338, 23 N. E. 603; *Lombard v. Witbeck,* 173 Ill. 396, 412, 413, 51 N. E. 61; *Ingraham v. Ingraham,* 169 Ill. 432, 49 N. E. 320; *McCormick v. Hall,* 337 Ill. 232, 240, 168 N. E. 900; *Strickland v. Strickland,* 271 Ill. 614, 621, 111 N. E. 592.

In the case of *Strickland v. Strickland, supra,* involving the construction of certain terms of a will in controversy, the court, at page 621, said: "The trial court refused to allow solicitor's fees to counsel for appellee out of the estate. Appellee's counsel have filed cross-errors questioning this part of the decree. The general rule is, that when the testator has expressed his intention in his will so ambiguously as to make it necessary to go into court in order to determine which of two adverse claims to the estate is valid, the cost of the litigation should be borne by the fund or property in question. (*Ingraham v. Ingraham,* 169

Ill. 432; *Kendall v. Taylor,* 245 id. 617; *Dean v. Northern Trust Co.,* 266 id. 205.) We think it is apparent from this will and on this record that there was an honest difference of opinion as to the proper construction to be placed on the will, and that reasonable solicitor's fees should be allowed by the trial court.''

In the case of *Ingraham v. Ingraham, supra,* wherein a bill to construe a will had been filed and was pending on appeal in the Supreme Court, in which the decree of the lower court had been modified, a petition was filed to retax costs for the purpose of obtaining an allowance for solicitors' fees and expenses by the Supreme Court on the appeal, the court, at page 472, stated that: ''An attempt is thus made to raise an issue between the parties as to the allowance of attorney's fee and expenses incurred in this court, the determination of which would require us to assume jurisdiction in a matter in the nature of an original action. We have original jurisdiction only in cases relating to revenue, mandamus and habeas corpus. In all other cases the jurisdiction is only appellate.

One of the cross-errors assigned on the appeal was that the circuit court erred in allowing attorneys' fees for complainant's solicitors, to be paid out of the estate. We considered that assignment of error and held the case presented was one in which such fees could be properly allowed, but we clearly have no jurisdiction to determine or pass upon the reasonableness of attorneys' fees not adjudicated upon by the court below. If the petitioner, or party making this motion, could come into this court and urge a claim for reasonable attorney's fee, the other party would clearly have a right to contest that claim, and we would be compelled to try and determine the issue thus presented. This it will not be seriously claimed we can or should do.''

It thus appears that the Supreme Court was not the proper tribunal in which to file a petition or motion for the allowance of solicitors' fees and that the court further expressly disclaimed jurisdiction to determine or pass upon the allowance or reasonableness of attorney fees not adjudicated upon by the court below, which was the only tribunal in which the petition could be properly filed and heard in the first instance, and only after the nature and extent of the services rendered by counsel in the Supreme Court could be determined. Appellee followed the approved method of procedure and the only method available to him by filing his petition in the circuit court.

The foregoing method of procedure so recognized by the Supreme Court was also followed and approved by this court in the case of *Dimes Savings Bank & Trust Co. v. Watson,* 208 Ill. App. 382. There, a testamentary trustee had filed a bill for the construction of a will, certain parts of which were held invalid, and the decree, on appeal, had been affirmed by the Supreme Court. The appellants then filed a petition in the trial court for the allowance of solicitors' fees and expenses. The petition was dismissed and an appeal was taken to the Appellate Court, which affirmed the order of the lower court on the facts of that case, but held that the manner of presenting the question of allowing solicitors' fees was raised properly by filing the petition in the lower court. In its opinion, at page 385, the court said: "It therefore seems that the solicitors' fees for services to be rendered in the Supreme Court in cases like this cannot be fixed and allowed in advance by the trial court and that the question cannot be determined by motion in the Supreme Court; therefore the question whether they are or are not allowable is here raised in the only available place." See also *Kingsbury v. Powers,* 26 Ill. App. 574.

The rule, therefore, is well settled in this State that the proper tribunal in which to petition for the allowance of solicitors' fees for services rendered in the Supreme Court on appeal in cases involving the construction of a will is the trial court in which the same was heard; that the same could not be properly filed and considered in the court of review for want of original jurisdiction; that the same could only be properly filed in the trial court after the case had been heard and disposed of in the court of review and that after such hearing and allowance or disallowance of the petition in the lower court, the final order became appealable and could then and not until then be heard by a court of review upon an appeal from said order.

The costs assessed against the appellee in the Supreme Court upon appeal did not and could not, therefore, for want of jurisdiction, include the allowance or disallowance of any solicitors' fees of appellee herein, and that question was not before the court of review for adjudication. It is expressly provided by ch. 33, par. 22, of Ill. Rev. Stat. 1937; Jones Ill. Stat. Ann. 107.059, in relation to costs that: "If any person shall . . . take an appeal to the Supreme Court, to review the judgment of any other court . . . and if the judgment be reversed, the appellant . . . shall recover his costs and shall have execution therefor, as in other cases."

The mandate of the Supreme Court followed this provision of the statute, and since the cause was reversed, the costs incident to the appeal in the amount of $291.60 were so taxed against the appellee. It is apparent that the order of the Supreme Court assessing costs could not be *res adjudicata* on the question of solicitors' fees, since that court did not undertake to pass upon and lacked original jurisdiction necessary to pass upon that issue.

The circuit court having properly exercised its jurisdiction in passing upon and allowing the petition

for solicitors' fees, it only remains for this court to pass upon the reasonableness of the fee allowed. There, the nature and extent of the services of appellee's counsel in the Supreme Court were established by competent legal evidence, the weight and probative force of which was for the trial court to pass upon, and the amount allowed was within its sound discretion. The amount so allowed as solicitors' fees by the trial court, under the evidence, will not be interfered with on appeal, unless there has been manifest abuse of the trial court's discretion. *Lombard v. Witbeck, supra; Women's Union Missionary Society v. Mead, supra; Harris Trust & Savings Bank v. Morse,* 238 Ill. App. 232. In view of the nature, extent and value of such services, this court is of the opinion that the fee allowed was not unreasonable and that the trial court did not abuse its discretionary power in the allowance thereof.

The court has considered all further assignments of error and is of the opinion that no reversible.error appears in the record. The judgment of the circuit court of Pike county will, therefore, be affirmed.

*Judgment affirmed.*