Josephine Franks Glaser et al., Appellants, v. Chicago Title and Trust Company et al., Appellees.

Gen. No. 44,102.

Opinion filed February 25, 1948. Released for publication March 25, 1948.

LEVINSON, BECKER & PEEBLES and FREDERIC A. FISCHEL, all of Chicago, for appellants; DON M. PEEBLES, HALBERT O. CREWS and MAX J. SATIN, all of Chicago, of counsel.

HARRY H. KRINSKY, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

Jacob Franks died testate on April 18, 1928, leaving Flora G. Franks, his widow, Josephine Helene

Franks, his daughter, and Jack Morris Franks, his son, as his only heirs-at-law. His will was admitted to probate by the probate court of Cook county. The widow, Flora G. Franks, died in 1937. One of the children, Jack Morris Franks, died on July 11, 1938. He was survived by Josephine Franks Glaser, his sister, as his sole heir. Under his will the residue of his estate was bequeathed to three trustees for charitable purposes. In a complaint in chancery filed in the circuit court of Cook county on December 15, 1938, Josephine Franks Glaser, the daughter, alleged that a doubt had arisen as to the meaning of paragraph 13 of the will of her father, Jacob Franks, because of the death of his son, Jack Morris Franks, without leaving issue surviving. The trustees under the will of Jacob Franks were named defendants. They filed an answer and an amended counterclaim also praying for a construction of the will. The three minor children of Josephine Franks Glaser were made parties defendant. A guardian *ad litem* was appointed and filed an answer for them. The trustees of the last will and testament of Jack Morris Franks were also named defendants and filed an answer. Upon a hearing the chancellor entered a decree construing paragraph 13 of the will, adopting the construction contended for by Josephine Franks Glaser. From that decree the trustees under the will of Jack Morris Franks, deceased, appealed to the Supreme Court. In an opinion filed on March 20, 1946 (393 Ill. 447), the Supreme Court expressed agreement with the construction placed on the will by the chancellor as to the corpus of the estate, but held that he erred in his construction on the question of the disposition of the one-half of the income which was payable to Jack Morris Franks in his lifetime in the event he should predecease his sister Josephine without leaving issue surviving. The Supreme Court found that upon the death of the testator one-half of the net income from the trust property not disposed of beyond

the life of his son, Jack Morris Franks, became intestate property and vested in the heirs of the testator, subject to be divested by the death of the son leaving issue surviving; that this contingency did not occur; that upon the death of the son without issue the one-half of the income was vested in Josephine and the estate of the deceased son, share and share alike; and commanded that a decree be entered directing the trustees to pay one-quarter of the net income from the trust, accruing subsequent to the death of Jack Morris Franks, to his estate, and the remaining three-quarters to the daughter, Josephine.

On December 18, 1946, the circuit court entered a decree in accordance with the mandate. The parties were allowed fees for their respective attorneys for services in the case in the trial court. On December 23, 1946, the trustees under the last will and testament of Jack Morris Franks, deceased, filed a petition in the circuit court for fees for legal services performed by Mr. Harry H. Krinsky. These services were rendered in connection with the appeal to the Supreme Court and the preparation of a decree in accordance with the opinion. Petitioners claimed $5,250 as the fair, reasonable and customary charge for the services so rendered, and the additional sum of $248.68 for court costs and expenses in connection with the prosecution of the appeal, and asked that the amounts be charged to the corpus of the trust estate. On January 31, 1947, the circuit court entered an order in accordance with the prayer of the petition. Josephine Franks Glaser appeals and asks that the order be reversed. The guardian *ad litem* for certain minors joins in this appeal.

The trustees of the estate of Jack Morris Franks, deceased, appealed from the decree construing the will. The controversy before us concerns the compensation alleged to be due for services rendered and expenses incurred in connection with that appeal and the preparation of the decree in conformity with the mandate.

It is undisputed that the performance of the legal services consumed more than 350 hours, that the fair, reasonable and customary charge for these services is not less than $5,250 and that petitioners paid out $248.68 for costs and other necessary expenses in connection with the appeal. In their brief the attorneys for appellants say: "We do not seek herein to minimize or to cast any reflection upon the caliber of the attorney who prosecuted the appeal here. It is recognized that in so doing he gave an excellent account of himself and properly represented his clients."

Appellee's theory of the case is that since the testator, Jacob Franks, in his will, expressed himself so ambiguously as to make it necessary for appellant and the trustees of the estate of Jacob Franks (as alleged in the complaint and the cross complaint) to come into a court of chancery to obtain a construction of his will and to remove a difficulty out of the way to a proper and safe administration of his estate, it was proper, upon the final disposition of the case, for the court to order the costs and solicitor's fees of the attorneys for the respective parties to be paid out of said estate; that these appellees were necessary parties to said complaint and cross complaint and as trustees and representatives of the estate of the deceased's son, Jack Morris Franks, were necessarily interested in the construction of the will of Jacob Franks; that the appeal to the Supreme Court by the appellees was necessary for the proper and final construction of the will; that there was involved an amount, in the principal of the trust, in excess of $352,000; that there also was involved as income from said trust a very substantial sum (far in excess of the sum of $14,000, the amount due to the appellees at the time of the hearing of this matter); that the appeal on the question of the distribution of the principal had a reasonable basis in the principles of law involved based upon applicable decisions of the courts of this State and as to the income

was found by the Supreme Court to be justifiable; that said appeal benefited the estate in that it gave to all parties interested in said will and in said estate, a final and true determination by the court of last resort in the State of all questions and settled all doubts concerning the proper construction of the will on the question of the distribution of the principal and income of the trust involved; that the success or failure of the appellees in maintaining all of their contentions on the appeal is not material to the question of the allowance of a reasonable fee for the attorney of the appellees; and that the amount allowed to these appellees for the services rendered by their attorney and for the expenses upon such appeal were reasonable and fair. Appellants theory of the case is that the appeal to the Supreme Court from the original decree raised no serious question in respect to the distribution of the principal of the trust estate and that the real matter in controversy was the disposition of the excess income over and above that paid to the annuitants, which, in the light of the two contracts, was in the neighborhood of $14,000; that when the decree of the trial court has fixed the rights of the parties and one of them is dissatisfied and appeals for his own benefit, the trust estate should not be charged with the expense of such appeal; that an allowance of $5,250 for attorney's fees charged in favor of one trust and against another when the matter fairly in controversy did not exceed $14,000 is excessive; and that the claim of the trustees under the will of Jack Morris Franks in the Supreme Court was based not upon a construction of the will, but upon a claim of partial intestacy.

The parties agree that when there is an ambiguity in the language of a will justifying an application to a court of equity for its construction or to remove a difficulty out of the way of the proper and safe administration of the estate, it is proper to order the costs and attorney's fees paid out of the estate, and

that the general residue is the primary fund for the payment of such costs and attorney's fees. *Guerin v. Guerin,* 270 Ill. 239; *Ingraham v. Ingraham,* 169 Ill. 432; *Woman's Union Missionary Society of America v. Mead,* 131 Ill. 338; *Kendall v. Taylor,* 245 Ill. 617. The parties agree that the success or failure of a party to sustain his contention in the construction of a will, or the personal benefit he receives as the result of such construction does not determine the propriety of the allowance of the fees of his attorney. *Hitchcock v. Board of Home Missions,* 259 Ill. 288; *Dean v. Northern Trust Co.,* 266 Ill. 205; *Cravens v. Haas,* 318 Ill. App. 447.

Under the first of these general rules appellees assert that attorney's fees for services rendered upon an appeal from a decree are also properly allowable, and that the amounts allowed to the appellees were proper. The Supreme Court, while sustaining the circuit court with respect to the principal of the trust estate, held that the one-half share of income paid to Jack Morris Franks during his lifetime was to be regarded as intestate property upon his death without issue. We agree with appellants that when the decree from which that appeal was taken had been entered, it provided a complete pattern and furnished a standard under which the trustees could act, and that the appeal to the Supreme Court was not taken in furtherance of the construction of the will, but because the trustees under the will of Jack Morris Franks, deceased, were not satisfied with the decree and sought to reverse its provisions for their benefit, and that after the rendition of the original decree a party seeking an added benefit did so at his own expense. The result of the entry of the order from which this appeal is taken was to saddle the trust created under the will of Jacob Franks with the burden of paying the expenses of counsel for the trustees under the will of Jack Morris Franks, deceased, whose appeal had been taken as a

result of a desire to increase the latter trust estate. We agree with appellants that the appeal to the Supreme Court was taken at the risk and the expense of the trustees under the will of Jack Morris Franks, deceased.

We have read the seven cases cited by appellees in support of their proposition that they are entitled to attorney's fees for services rendered upon the appeal from the decree. Six of these cases are not applicable because the question of allowance of attorney's fees for services rendered on appeal was not presented. The seventh case, that of *Strauss v. Strauss*, 293 Ill. App. 364, was commenced when the executors and trustees of the will of Isaac Strauss, deceased, filed a complaint in chancery in the circuit court of Pike county against Albert Strauss and others. The case involved a construction of the will of Isaac Strauss, deceased. Albert Strauss contended that by reason of the death of one of his brothers prior to the testator's death, the bequest of that brother became intestate property in which he, as one of the heirs of his father, was entitled to share. His contention was sustained in the circuit court. In the appeal the Supreme Court (*Strauss v. Strauss*, 363 Ill. 442), reversed the decree of the trial court as to that contention. After the mandate was filed Albert Strauss filed a petition in the circuit court of Pike county for an allowance of attorney's fees for the services of his attorney in the Supreme Court. Previously, in connection with the trial of the original proceeding in the circuit court, fees had been allowed and paid the attorneys on both sides without objection. The circuit court allowed Albert Strauss $1,000 for attorneys' services rendered to him in the Supreme Court. In an opinion affirming the circuit court (*Strauss v. Strauss*, 293 Ill. App. 364), the Appellate Court said that the appellee was a son and legatee of the deceased and a necessary party to the proceedings filed by plaintiff. In its recital of the facts

the Appellate Court stated that the circuit court found that the services had been performed by appellee's counsel and that it was necessary for the appellee to appear in the Supreme Court to defend the decree of the circuit court, wherein he had been made a defendant, that he was compelled to and did employ counsel, and had become obligated to pay a reasonable fee for such services necessarily incurred on account of the ambiguities and uncertainties in the will. One of the contentions of appellants in their brief in the Appellate Court in the *Strauss* case was that it was not necessary for Albert Strauss to appear in the Supreme Court or to defend the decree of the circuit court of Pike county. In our opinion the *Strauss* case does not support appellee's position under the facts of the instant case. In the *Strauss* case it was necessary for Albert Strauss to defend the circuit court decree in the Supreme Court. He did not appeal. In the instant case the trustees under the will of Jack Morris Franks, deceased, appealed in order to reverse the provisions of the decree for their benefit.

In *Sherman v. Leman,* 137 Ill. 94, the appeal was by one of the legatees from a decree approving the account of the trustee under the will and the appeal was taken to reverse the trial court's decree approving the appointment of a new trustee. The trustee was endeavoring to protect his personal rights as trustee. There was no question of the construction of the will involved therein. The Supreme Court said (99):

"In no view, therefore, can it be said that the interests of the estate required the prosecution of these appeals. Leman undoubtedly had the right to appeal, but the exercise of that right involved considerations affecting him personally, only, and not such as materially affected the trust estate, and he exercised it as do all persons litigating for their own interests—at his peril."

In *Dime Savings & Trust Co. v. Watson*, 208 Ill. App. 382, a complaint nominally for the construction of a will but in fact to declare a certain paragraph of the will to be in violation of the rule against perpetuities, the court said (386):

"Appellants named as beneficiaries in the will were necessary parties in that suit. Expenses incurred by them were a part of the outlay in reaching a decree on which the trustees could properly act; therefore it seems equitable that the estate should bear the burden of those expenses; but when that decree was rendered there was no further obstacle in the way of administering the estate and distributing the property; it was then of importance to individuals only whether the decree should be affirmed or reversed. Perhaps cases may be imagined where appeal may be necessary for the benefit of the estate, but under the circumstances of this case we think on principle as well as authority appellants should be considered as prosecuting the appeal for their own interests, and at their own risk, . . . ."

For the reasons stated the order of the circuit court of Cook county is reversed and the cause remanded with directions to dismiss the petition of the trustees under the last will and testament of Jack Morris Franks, deceased, at their costs.

*Order reversed and cause remanded with directions.*
Lewe, P. J., and Kiley, J., concur.