Kathryn E. Dyslin, as Executor of Last Will and Testament of Charles Dyslin, Deceased, Ireta Dyslin, Charles W. Dyslin and Janice Dyslin, Minors, by Kathryn E. Dyslin, Next Friend, Marilee Mae Dyslin, Petitioners-Appellees, v. John E. Wolf, Trustee of Last Will and Testament of Amos Wolf, Deceased, John E. Wolf, Individually, and Ralph Dyslin, Respondents-Appellants.

Gen. No. 10,586.

Opinion filed April 1, 1952.
Rehearing denied June 11, 1952. Released for publication June 12, 1952.

FRANKLIN J. STRANSKY, of Chicago, and CHARLES E. STUART, of Mt. Carroll, for appellants.

LAUGHLIN & LAUGHLIN, and ECKERT, ECKERT, SCHMELZLE & SCHNEBLY, all of Freeport, for appellees; ROBERT P. ECKERT, JR., and ROBERT J. SCHMELZLE, both of Freeport, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Prior to the date of this pending litigation, Kathryn E. Dyslin, as executrix of the last will and testament of Charles Dyslin, her deceased husband, filed her suit in chancery in the circuit court of Carroll county to construe the last will and testament of Amos Wolf, who died about 1912. She joined in this suit as plaintiffs as next friend, their three minor children, and made as parties defendant to the suit all the living lineal descendants of Amos Wolf. Charles Dyslin died testate in 1947 and left all his property to his wife, Kathryn, and left as his heirs at law their three minor children, parties plaintiff above mentioned. Ada Dyslin, daughter of Amos Wolf, died in 1926, leaving surviving her a son, Ralph Dyslin, appellant herein, and another son,

Charles Dyslin, above mentioned, who is now deceased. The suit concerning the construction of the will of Amos Wolf, deceased, was heard and the will construed in the circuit court of Carroll county. Ralph Dyslin, one of the appellants herein, appealed to the Supreme Court. Kathryn Dyslin, as executor and as next friend for her children, was an appellee in the Supreme Court. Marilee Mae Dyslin, a daughter of Ralph Dyslin, also appeared as an appellee in the Supreme Court case and was made a party to the appeal, involuntarily, by appellant.

The attorneys who appeared as counsel for Kathryn E. Dyslin and for Marilee Mae Dyslin and were paid fees for such counsel in the circuit court, also appeared as attorneys for their clients in the Supreme Court case, both filing briefs and actively engaging in the litigation. The Supreme Court construed the will, which case is entitled and reported as *Dyslin v. Wolf,* 407 Ill. 532.

It is apparent in reading the above opinion that the will of Amos Wolf was ambiguous and needed construction. It was necessary for the chancellor and the Supreme Court to determine the nature of the interests created under the will, when they vested, whether they passed *per capita* or *per stirpes,* and many other questions which can be ascertained by an examination of this opinion. There is no doubt but what the briefs and arguments filed in the Supreme Court by the attorneys for Kathryn E. Dyslin and Marilee Mae Dyslin were of great assistance to the Supreme Court in deciding the case. The nature of the ambiguities of the will, and the value of the property involved would ordinarily require a determination by the Supreme Court of the questions presented. The chancellor and Supreme Court both found that at the time Charles Dyslin devised his estate to his wife, Kathryn, he had a vested remainder in the real estate in the corpus of the trust,

82

which passed to his wife by his will. The chancellor and the Supreme Court both held that Marilee Mae Dyslin had no interest in the corpus of the trust; her only possible interest would be what her father Ralph Dyslin might leave her by will, or what she might inherit by reason of his death by intestacy.

It will be observed that in the Supreme Court, John E. Wolf, the trustee under the will, took no part in that appeal. He does appear as one of the appellants with Ralph Dyslin in this court. The attorneys seeking compensation here were paid compensation for their services in the trial court by an order of that court, which is not questioned here. After the adjudication by the Supreme Court, the cause was remanded to the circuit court. Counsel petitioned the circuit court for allowance of fees and expenses for their work in the Supreme Court. The chancellor allowed Laughlin & Laughlin, attorneys for Kathryn E. Dyslin, $800 attorneys' fees and $311.39 expenses, and Eckert, Eckert, Schmelzle & Schnebly, attorneys for Marilee Mae Dyslin, $1,000 attorneys' fees and $191.60 expenses, for their services in the Supreme Court. The chancellor directed the trustee, John E. Wolf, appellant herein, to pay the same out of the corpus of the trust. The trustee and Ralph Dyslin have appealed from that order.

The chief question involved in this appeal is whether as a matter of law the chancellor was warranted in allowing any fee to the appellees' attorneys or either of them for attorneys' fees and expenses incurred in the appeal to the Supreme Court. The amount of the attorneys' fees and expenses is not in question. There is no report of trial proceedings on file in this case.

██ It is the well established law that where there appears an honest ambiguity in the language of the will requiring a court of chancery to construe it so that the parties in interest may have it judicially deter-

mined in order that they may have the ascertained proper construction of the will, then it is proper to order the costs and attorneys' fees paid out of the corpus of the estate. (*Glaser v. Chicago Title & Trust Co.*, 401 Ill. 387; *Glaser v. Chicago Title & Trust Co.*, 333 Ill. App. 550; *Dime Savings & Trust Co. v. Watson*, 208 Ill. App. 382; *Strauss v. Strauss*, 293 Ill. App. 364.)

Appellants in the instant case recognize this rule of law, but urge that when the court of original jurisdiction has construed the will, and the case is appealed to the reviewing court, that neither party to the appeal is entitled to recover his attorney's fees and expenses incurred in the reviewing court. They cite the two *Glaser* cases and the *Dime Savings & Trust Co.* case, above mentioned, in support of their position. An examination of these cases discloses that in all of them the parties seeking to recover attorneys' fees and expenses had appealed from the decree of the trial court, and the cases hold in substance that if the aggrieved parties were not satisfied with the decree of the trial court and desired to appeal beyond the court of original jurisdiction, they must do so at their own expense, and that they have no right to charge the estate with the costs of solicitors or other expenses incurred by them in the prosecution of the appeal. The situation in the instant case is quite different. In the instant case Kathryn E. Dyslin and Marilee Mae Dyslin did not appeal from the decree of the trial court. They were brought into the Supreme Court by an appeal by the trustee and Ralph Dyslin, appellants herein. Kathryn E. Dyslin had filed a suit to construe the will. Apparently both the appellees were satisfied with the decree of the trial court, but when it was appealed, they thought it necessary to employ attorneys who prepared briefs and arguments in the Supreme Court to sustain the decree obtained by them. It seems both just and logical that they would do this, and would not be

84

required to sit idly back and not give the Supreme Court the benefit of their briefs and arguments in order for that court to determine a proper construction of the will in question. To say that they would be required to go to great expense to employ lawyers to appear for them in the Supreme Court at their own expense appears to us not to be just and equitable. As they were involuntary parties in the Supreme Court, it was their duty to defend the decree and to point out to the Supreme Court what they thought was a proper construction of the will in question. The ambiguities had not been finally determined, and it was for the benefit of the estate that the will be construed in the Supreme Court as it was in the trial court.

It is admitted here that the will in question needed construction, and an analysis of the opinion in the case in the Supreme Court construing it, above mentioned, shows this to be true. There were involved in its construction many intricate, complicated questions of future interests in estates.

The Supreme Court in the *Glaser* case reviews many of the cases in this State with reference to the proper allowance of attorneys' fees in will-construction cases. In that case the question of the fees of the attorneys who had appealed from the decree of the trial court to the Supreme Court are discussed. It did not decide, except by inference, or by way of *dicta,* that the appellees' attorneys in the reviewing court were not entitled to recover fees and expenses in defending an appeal.

*Strauss v. Strauss* above mentioned, involved a suit to recover solicitors' fees for legal services in defending in the Supreme Court the decree of the trial court. In that case, as here, the plaintiffs had obtained a decree construing the will in the trial court, and other parties appealed. The attorneys for the appellees appeared in the Supreme Court and sustained the decree

85

of the trial court, and after the will was construed by the Supreme Court and cause remanded to the trial court, they asked for attorneys' fees. The trial court allowed them attorneys' fees for services performed in the Supreme Court. An appeal was taken from this order to the Appellate Court of the Third District. It was contended by appellants that the circuit court was without jurisdiction to fix attorneys' fees for services performed in the Supreme Court. The Appellate Court says on page 369 of the opinion:

"Under the well settled rule of law of this State in cases where the will of a deceased testator must be judicially construed, reasonable solicitors' fees of necessary parties may be allowed by the court and taxed as costs payable out of the estate of the deceased. The equitable reason for this allowance is that where a testator has by his will expressed himself so ambiguously as to justify resort to a court of equity to obtain a judicial construction of the will, it is only just that the solicitors' fees of necessary interested parties which have been incurred in procuring a judicial construction of the will should be borne by the testator's estate. *Women's Union Missionary Society v. Mead,* 131 Ill. 338, 23 N. E. 603; *Lombard v. Witbeck,* 173 Ill. 396, 412, 413, 51 N. E. 61; *Ingraham v. Ingraham,* 169 Ill. 432, 49 N. E. 320; *McCormick v. Hall,* 337 Ill. 232, 240, 168 N. E. 900; *Strickland v. Strickland,* 271 Ill. 614, 621, 111 N. E. 592."

The Appellate Court held that the trial court was the proper place to fix attorneys' fees for services performed in the Supreme Court. The court, after finding that it had jurisdiction to fix the fees of the attorneys for the appellee in the Supreme Court, found that the trial court did not abuse its sound discretion in fixing the amounts of the fees which were found reasonable, and affirmed the judgment of the trial court.

The Supreme Court in the *Glaser* case, above mentioned, states that the *Strauss* case did not decide the question as to the legal propriety of a trial court allowing attorneys' fees to an appellee for services performed in a court of review. While this point was not discussed in the *Strauss* opinion, in our opinion it did in fact decide the point in that it approved the order of the trial court fixing the attorneys' fees in question.

■■ After reviewing the authorities cited, it is our opinion that the trial court was correct in allowing the fees in question. The fairness of these fees is not at issue. While there is little authority in this State on the question, it appears to us that where a testator makes an ambiguous will which requires judicial construction to determine its true meaning, and when one of the interested parties appeals from the decree construing it by the trial court to a reviewing court, that the appellees in the reviewing court should be permitted to employ attorneys to sustain the will and to point out to the reviewing court their interpretation of the will so that the court may correctly construe it (*Strauss v. Strauss,* 293 Ill. App. 364); that the legal fees incurred on such appeal should be paid from the funds of the estate in the same manner as if the hearing were before the trial court. To require the appellee to sit by and do nothing in the reviewing court, to employ attorneys at his own expense, seems unjust and not in conformity with the underlying reasons why attorneys' fees are allowed in the trial court. The ambiguity was created by the testator, and at least as a general rule, although of course there are exceptions, all beneficiaries under the will are benefited by the construction placed upon it by the reviewing court. This rule creates no more hardship than the rule in force in the trial court. That the efforts of the attorneys for the appellees herein were necessary to protect the estate,

that all benefited by it, that the expenses for attorneys' fees were proper and did benefit the estate and should be properly charged against it appear to us to be the law.

■ Appellants urge that the fees allowed to the attorneys of Marilee Mae Dyslin cannot be sustained for the reason that she had no real interest in the construction of the will, especially after the decree of the trial court construing it had been entered. She was an appellee and was brought into the Supreme Court by the action of the appellants. Her attorneys were allowed fees for their services in the trial court. It appears to us that when she was brought into the Supreme Court, she still had a right to employ an attorney without expense to her and have her cause presented in the Supreme Court. Furthermore the chancellor may have found from the evidence, which we do not have before us, that the services of the attorneys, in presenting their briefs and arguments in the Supreme Court, for Marilee Mae Dyslin, did benefit the estate. There is no report of trial proceedings in this cause, and we cannot tell just what services might have been performed by her attorney.

■ Appellants also urge that since the petitioners-appellees failed to reply to certain affirmative allegations in the answers of the appellants, the truth of such allegations is admitted. We see no merit to this technical defense. Furthermore it will be considered to be waived where there is no report of the trial proceedings presented to this court, as an examination of this might disclose a waiver of the reply. Regardless of this we deem it waived under the authority of *Cienki v. Rusnak*, 398 Ill. 77.

After considering all of the errors assigned, it is our opinion that the fees in question were properly allowed by the chancellor under the law, and that they were

properly charged against the corpus of the trust, and the decree of the chancellor was right and his order should be and is affirmed.

*Judgment affirmed.*