Edwin Sherman *et al.*

*v.*

Henry W. Leman.

*Filed at Ottawa March 30, 1891.*

1. Trusts—*expenses, costs, etc.—whether chargeable upon trust fund.* In general, the expenses of administering a trust are a lien in favor of the trustee on the estate in his hands, and he will not be compelled to part with his control of such estate until those expenses are paid.

2. Where one is appointed trustee of an estate by the county court, strictly in pursuance of the will of the deceased owner of the trust estate, the expenses and costs of litigation to determine the validity of the appointment will be a proper charge upon the *corpus* of the estate, notwithstanding the appointment is held invalid.

3. The circuit court, by its decree, found the appointment of a trustee by the county court void, and appointed his successor, who qualified as such. From this decree the former trustee appealed to the Appellate Court, and from that to this court, where the decree of removal was affirmed: *Held*, that his costs and expenses, including attorney's fees in the circuit court, were proper credits to be allowed him, but not those paid by him in the several appeals, as such appeals were not in the interest of the trust estate. He was also entitled to credit for the costs of witnesses before the master.

4. Same—*chancery—jurisdiction—in the administration of trusts.* A court of equity has plenary jurisdiction of all questions involved in the construction of wills, and in the administration of trust estates in the hands of trustees. It may determine the validity of a trustee's appointment, and even when he is legally appointed that court has full control and supervision of all his acts, and for cause may remove him and appoint his successor.

5. The orders and decrees of a court in chancery in respect to the removal or appointment of a trustee and the administering of the trust, are ample protection to all persons acting under them.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

This is an appeal by Hugh A. White, the present trustee, and Edwin Sherman, one of the legatees, under the will of Francis C. Sherman, deceased, from the judgment of the Appellate Court affirming a decree of the circuit court of Cook county approving the accounts of Henry W. Leman while acting trustee of said estate. Leman acted as such trustee by virtue of an appointment of the county court of Cook county. The authority for the appointment was claimed to be in a clause in the will of Francis C. Sherman, deceased, whereby he directed that, in the event of the death, resignation, refusal or inability to act, of the trustee thereby appointed, a new trustee be appointed by the county court, upon the application of any person interested, etc. The appointment was held void because it was not competent for the testator to confer such power upon the county court. *Leman* v. *Sherman,* 117 Ill. 657.

Leman gave bond and commenced acting as trustee on the 15th of October, 1881, and he ceased to act as such on the 15th of October, 1886. On the 15th of October, 1885, a decree was entered in the circuit court of Cook county declaring his appointment as trustee void, and appointing Hugh A. White trustee in his place and stead, requiring the latter to execute bond. White thereupon executed the necessary bond, but Leman refused to surrender the estate to him, and appealed from the decree of the circuit court of Cook county to the Appellate Court for the First District. The decree of the circuit court was affirmed by the judgment of the latter court on the 23d of February, 1886. Leman appealed from that judgment to this court, and it was here affirmed by an opinion filed on the 15th of May, 1886. Leman thereupon filed a petition for rehearing in this court, which was overruled on the 30th of September, 1886.

The items for which Leman .claims credit in his account, and which are in dispute, are: Salary, from July 15, 1885, to October 15, 1886, at $1500 per annum; compensation paid W. P. Black, Esq., attorney-at-law, for services rendered in the Appellate and Supreme Courts in the suit before mentioned, $1000; costs paid by Leman on said appeals; costs and expenses of witnesses before the master in chancery. These expenses and costs were allowed to Leman by the circuit and Appellate Courts, and this appeal is prosecuted to test the correctness of those allowances.

Mr. William C. Wilson, and Mr. David L. Zook, for the appellants:

Leman is not entitled to any salary from the date of the decree by Judge Moran, July 15, 1885, up to October 15, 1886, when he ceased to act as trustee of the estate. *Leman* v. *Sherman,* 18 Bradw. 368; 117 Ill. 657.

At common law a trustee is entitled to no compensation for the management of the trust property. *Huggins* v. *Rider,* 77 Ill. 360; *Hough* v. *Harvey,* 71 id. 72; *Constant* v. *Matteson,* 22 id. 546; Lewin on Trusts, 712.

The fact that there may be a power of appointment in a will, though valid, does not deprive a court of chancery of its jurisdiction to make an appointment, when all the proper parties are before it. 2 Sugden on Powers, 506; Tiffany & Bullard on Trusts, 376, 378.

Leman is not entitled to his attorney's fees for legal services rendered in his appeal to the Appellate and Supreme Courts. The rule is well settled that agents and attorneys employed by trustees have no lien upon or equity in the trust fund, and can bring no suit in chancery against said fund, but they have a claim against the trustee personally. *Warrall* v. *Harford,* 8 Ves. 4; *Jones* v. *Dawson,* 19 Ala. 672; *Sanford* v. *Howard,* 29 id. 684; Hill on Trustees, 567; *Peters* v. *Heydenfelt,* 3 Ala. 305; *Simons* v. *Norris & Co.* 5 id. 42; *Johnson*

v. *Gaines,* 8 id. 791; 2 Perry on Trusts, 907; Lewin on Trusts, (7th ed.) 549; *Fearns* v. *Meyers,* 53 Miss. 458.

These authorities also settle the rule that the claims of attorneys and agents of the trustee can be paid out of the trust estate only through the trustee, and the trustee can pay them out of the trust fund only upon certain conditions, namely, the expenditures must be legitimate, necessary and proper for the good of the estate. The law is equally well settled that no person but a legally appointed trustee can recover against the trust fund for money advanced or services rendered the trust, and he must have title to the estate. *Hewit* v. *Phelps,* 105 U. S. 393.

Leman is not entitled to the costs and expenses incurred by him in taking his appeal from the circuit court to the higher courts, nor to the costs and expenses incurred by him before the master in chancery.

Mr. W. T. BURGESS, also for the appellants.

Mr. JOHN S. MILLER, for the appellee:

The determination of the questions here raised, as to the allowance to the trustee, was within the sound discretion of the learned chancellor, under the circumstances of the particular case. *Pell* v. *Ball,* Speer's Eq. 48; 2 Perry on Trusts, sec. 910; Hill on Trustees, *557.

Where a trustee in a doubtful case acts *bona fide* under the advice of counsel, he will be entitled to his costs, although that advice turns out to be erroneous. Hill on Trustees, *555.

The court is not eager to punish the trustees by depriving them of their costs, and will do so only where the trustees act in bad faith. Hill on Trustees, *557; *Hall* v. *Hallett,* 1 Cox, 134.

As to the allowance of attorney's fees out of the estate, see *Whitehead* v. *Strycker,* H. W. G. Green's Ch. (N. J.) 9; *Clapp* v. *Fullerton,* 34 N. Y. 199; *Conley* v. *McDonald,* 40 Mich. 150;

7—137 ILL.

*Brooks* v. *Chappell*, 34 Wis. 419; *Downie's Will*, 42 id. 66; *Carroll's Will*, 50 id. 437; *Jones* v. *Goodrich*, 3 Notes of Cases, 510; *Attorney General* v. *Jesus College*, 7 Jur. (N. S.) 592.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

In general, the expenses of administering a trust are a lien in favor of the trustee on the estate in his hands, and he will not be compelled to part with his control of such estate until those expenses are paid. (*Johnson* v. *Leman et al.* 131 Ill. 609.) But can it be said that the expenses and costs of prose-cuting the appeals from the circuit court to the Appellate Court, and from that court to this court, are expenses of administering the estate? Leman's appointment was strictly pursuant to the letter of the will of Sherman, and so the expenses and costs of determining its validity were rendered necessary by the language there employed by him, and they are therefore properly a charge upon the *corpus* of his estate. (*Missionary Society et al.* v. *Mead et al.* 131 Ill. 338; *Barrington* v. *Tristram*, 6 Ves. 349; *Rogers* v. *Ross*, 4 Johns. Ch. 608; *Bradford* v. *Boudinot*, 3 Wash. C. C. 122; *Ammen's Appeal*, 31 Pa. St. 311; *Sawyer* v. *Baldwin*, 20 Pick. 388.) But their validity was determined by the decree of the circuit court, and that court had plenary jurisdiction over every question involved in the construction of the will and the administering of the estate. Even if Leman had been lawfully appointed trustee, that court had entire control and supervision of all his acts, and might, at any time, for cause, remove him and appoint another in his stead. Perry on Trusts, sec. 275; Hill on Trustees, (4th Am. ed.) 298, *190, 191. And the orders and decrees of the circuit court in respect of the removal and appointment of a trustee and the administering of the trust are ample protection to all persons acting under them. Perry on Trusts, sec. 924; Hill on Trustees, (4th Am. ed.) 861, 862, *554. Sherman neither personally selected Leman to be trustee nor devolved

duties upon his trustee of a personal character ; nor was Leman bound, in the first instance, to act as trustee ; nor, after acceptance, was he compelled to continue as trustee, for the will expressly recognizes his right to resign. See Hill on Trustees, (4th Am. ed.) 862. In no view, therefore, can it be said that the interests of the estate required the prosecution of these appeals. Leman undoubtedly had the right to appeal, but the exercise of that right involved considerations affecting him personally, only, and not such as materially affected the trust estate, and he exercised it as do all persons litigating for their own interests—at his peril. Perry on Trusts, sec. 928.

Our conclusion follows, that the court below erred in decreeing that Leman be allowed to take credit for costs paid on appeal from the circuit court to the Appellate Court and from the Appellate Court to this court, and for the amount paid his attorney for services upon those appeals.

The objection that Leman was improperly allowed costs for witnesses before the master in chancery, we do not think tenable. It was within the discretion of the chancellor to allow those costs, in view of the issues pending when the reference was made to the master.

The judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court, with directions to that court to modify its decree and disallow the amounts paid by Leman for costs and attorney's fees on the appeals from the circuit court to the Appellate Court and from the Appellate Court to this court, but in no otherwise to change it.

*Judgment reversed.*