## John C. Outhet, Jr., by L. L. Barth, next friend, and L. L. Barth, Guardian, Appellants, v. George A. Follansbee et al., Appellees.

### Gen. No. 25,251.

1. TRUSTS, § 183*—*what will not justify sale of trust property.* That the interests of those entitled to the income from trust property will be best subserved by breaking in upon the trust and disposing of its subject-matter in violation of the donor's express intention does not warrant such action by a court of equity when not necessary to preserve the trust estate.

2. TRUSTS, § 154*—*when investment of trust property will be denied.* Where a will provides that a minor shall be paid $100 a month, in the discretion of the trustee, such allowance to be used for the minor's support and maintenance until he is 25, at which time he will receive, under the will, in excess of $450,000, a court of equity will not direct the trustee to procure $500,000 insurance on the life of such minor, which will require the payment of an annual premium of $9,000, notwithstanding the annual income of the estate beyond the amount necessary for such minor's monthly allowance is $18,000, and, in the event of his death before reaching 25, his whole interest in the estate will pass to the trustee and other cousins of the testator and the minor desires to protect the interests of his mother and others who may be dependent on him should he marry before reaching the age of 25, since to do so would modify the expressed intention of the testator.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed July 14, 1920. *Certiorari* denied by Supreme Court (making opinion final).

MAYER, MEYER, AUSTRIAN & PLATT, for appellants.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellee George A. Follansbee, as trustee; SAMUEL ADAMS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GEORGE A. FOLLANSBEE, *pro se,* individually.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a decree sustaining the various demurrers to a bill filed by a minor beneficiary, John C. Outhet, Jr., and his guardian, against a trustee and various contingent remaindermen designated or referred to in the will of Reuble M. Outhet, whose son, John C. Outhet, was the father of said minor. Reuble M. Outhet died September 18, 1907, and his will was executed in April of that year, and a codicil thereto, May 1, 1907. The minor was born in 1901.

The bill sets forth the will and codicil at length; that John C. Outhet, was for his fault divorced from the minor's mother, and died leaving said minor his only child; that the minor's mother has since married; that a decree of court has been entered relating to the disposition of the trust estate provided for in the will, in accordance with the decision in *Wayman v. Follansbee,* 253 Ill. 602, one-half of which, under the exclusive management and control of the trustee, George A. Follansbee, still awaits distribution in accordance with the terms of said will as construed in said decision; that the interests of said minor in said one-half, if the same were an absolute vested interest, would be in excess of $450,000; that said minor is entitled under said will at the present time out of said estate to only $100 per month until he shall attain the age of 25 years, which payments, the will provides, are subject to the discretion of said trustee, and may, for any reason the trustee may deem best, be withheld, it being the expressed desire of the testator that said payments and allowances shall be used as far as necessary in the minor's support and education; that said minor will have no certain transferable or descendible interest in said trust property in case of his death before reaching the age of 25 years when he

will receive a legacy and the rest of the entire estate; that in case of his death before reaching such age, the entire trust estate will go to said trustee and other cousins of the testator; that the annual income of the estate beyond what is necessary to make said monthly payments to the minor is in excess of $18,000, of which there will be occasion to expend but little in the care of the estate; that it is possible to obtain insurance on the life of the minor to the extent of $500,000, in companies of the highest financial responsibility under policies that will be incontestable after one year on which the gross annual premiums will be but $9,000 per year, the cost of carrying which until the minor reaches the age of 25 years will not exceed $31,500; that such an arrangement "is greatly to the interest of the minor," who desires to protect the interests of his mother and others that might be dependent upon him should he marry before reaching the age of 25, and that the creation of an insurance fund "would remove the present abnormal condition by which the enjoyment and benefit of a considerable fortune is entirely dependent upon his attaining the age of 25 years."

The bill as amended prays that the trustee may be directed out of such accumulating income of the trust estate to pay the premiums on such insurance policies, upon condition that they shall be lodged with the trustee and proper orders entered authorizing the guardian to assign such policies to the trustee, so that in case of the death of said minor before his right to the trust estate shall become vested, all sums theretofore advanced by the trustee out of such income, together with the interest thereon, shall be repaid to the trustee to be added to the corpus of the estate, thus protecting the remaindermen in case of the minor's death before he reaches the age of 25.

The argument in support of the bill emphasizes, in the absence of any express authority to do the thing

asked for, the so-called "abnormal condition" whereby, unless the minor attains the age of 25 years, no benefit from the estate will accrue to him beyond the monthly payment of $100 in the meantime, and in case of his death before that time no benefit therefrom will ever accrue to his heirs or next of kin, and enlarges upon the fact that if the contemplated arrangement were effected it would greatly enhance the useful and financial interests of the minor, convert a contingent estate into a certain estate, and result in no impairment of the interests of the contingent remaindermen or any of the beneficiaries of the trust.

In this connection it is also urged that the justice of the proposal is such that the inherent power of a court of equity may properly be invoked to render it, even in the absence of any precedent to support the exercise of such power. Forcible as this argument may be from such point of view alone, it should not prevail if it conflicts with other established doctrines.

It will be conceded, as argued by appellant, and as said in *Dodge v. Cole,* 97 Ill. 338, 364, that "the fact that no precedent can be found in which relief has been granted under a similar state of facts is no reason for refusing it." But the prayer of the bill practically asks for a modification of the trust with respect to matters that cannot be said to have been unforeseen by the testator. It cannot be questioned that the testator had the right to give such estate to whomsoever he saw fit and "to say at what period of time they shall come into the enjoyment and control of it" (*Rhoads v. Rhoads,* 43 Ill. 239, 254), and that "the fact that the interests of parties entitled to the income from trust property would be best subserved by breaking in upon the trust and disposing of the subject-matter thereof in violation of the donor's express intention does not warrant such action by a court of equity when not necessary to preserve the trust

estate." (*Johns v. Johns,* 172 Ill. 472; *Stephens v. Collison,* 274 Ill. 389.)

In the last case it is said:

"Courts are slow to exercise their power even to modify the terms of a trust, and will only do so when it clearly appears to be necessary. (Citations) Where the trustees cannot under the existing circumstances, or any circumstances that can be anticipated, so manage the trust fund as to carry out the plain intentions of its creator, and such circumstances were clearly not within his contemplation or the subject of any direction in the scheme of the trust as formulated and prescribed by him, a case of necessity is presented requiring the intervention of a court of equity, which may direct a change in the management of the trust fund if by such change the manifest intention of the creator of the trust may be carried into effect." (pp. 395, 396.)

The facts set up in the bill show no such necessity nor any exigency or unforeseen condition such as are referred to in the case last cited, or that would, in our opinion, warrant a court of equity so to break in upon the trust. No facts are presented showing a necessity of the court's intervention to preserve this estate, or that the testator's intention may be defeated, or that an unforeseen condition of affairs not within the contemplation of the testator has arisen. The testator may well have deemed it for the best interests of the minor that he should have no other benefit or enjoyment from the trust fund before he reached the age of 25, that his character would be stronger and habits better without the indulgence which the use of such a fortune might invite. And had it been the intention of the testator that the minor's heirs or next of kin, either in the meantime or on his death before reaching the age of 25, should derive benefit from said estate, his will would unquestionably have so provided. But no such intention is disclosed therein. We cannot regard the bill in any other light than an effort

to modify a trust in a manner not contemplated by the creator of it in a case where existing circumstances could have been readily anticipated by him, and could have been expressly provided for had he so desired. In this view of the case other points argued for dismissal of the bill need not be considered. Accordingly the decree will be affirmed.

*Affirmed.*

MR. JUSTICES GRIDLEY and MATCHETT concur.