Rae Stein, Appellee, v. La Salle National Bank, as Executor and Trustee Under the Last Will and Testament of Albert Leo Farrell, Deceased, Appellant. Jerome Corbett et al., Appellees.

Gen. No. 43,432.

Opinion filed February 13, 1946. Released for publication March 8, 1946.

BROWN & WEST, JOHN J. ENRIGHT, JR. and JOHN J. KELLY, all of Chicago, for appellant; ISIDORE BROWN, of Chicago, of counsel.

HOMER F. CAREY, for certain minor appellees; HOMER F. CAREY, of counsel.

BLACK & BEERMANN, of Chicago, for appellee; BENJAMIN H. BLACK, of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

The original complaint in this action sought the construction of a provision of a will. The decree was

entered upon a second supplemental complaint which sought approval of an agreement between beneficiaries of a spendthrift trust. The decree was in plaintiff's favor and the Trustee Bank has appealed.

Albert Farrell died in Chicago, September 17, 1943, leaving a will in which the Bank was named executor and trustee. After the will was admitted to probate and letters of administration issued, the Bank took possession of the assets of the estate amounting to about $10,000 net in personal property. In one provision of the will plaintiff was named legatee of personal property and in another she was made beneficiary of a trust with Jerome and William Corbett, minors, named contingent remaindermen.

The testator made a legacy to plaintiff of "all of my household furniture, furnishings, automobiles, jewelry and all other of my personal, domestic and household articles; . . . ." Following this bequest there were nominal bequests to the testator's sisters. The rest of the testator's property was given in trust to the Bank. The Bank was directed to pay to plaintiff, "a friend," $50.00 per month from the income or principal so long as she should live. The minors from whom a guardian ad litem was appointed were made contingent beneficiaries of the trust. Their interests were to vest upon plaintiff's death, or if she should die before the testator, then upon the testator's death. A spendthrift provision covered the interest of the beneficiaries.

Plaintiff sued for a construction of the legacy provision, claiming that under it, properly construed, all the testator's personalty was hers. Since the entire estate was personal property, if plaintiff succeeded in obtaining such a construction, there would be nothing left for the trust and the interest of the minors precluded. According to subsequent pleadings, negotiations were had with the view of compromising plaintiff's action in the best interests of the benefici-

aries. They allege the possibility of plaintiff's success to the exclusion of the minors and *her offer* to take two-thirds of the corpus of the trust and give the minors one-third. They set forth the approval of the parents and of the minors of the offer and their urging of its acceptance. They alleged the fears that plaintiff 51 years old would, during her lifetime, even if her suit failed, exhaust the trust through the monthly benefits, leaving nothing for the minors. All the beneficiaries in these pleadings complain of the Bank's selfish objection to the agreement.

The second supplemental complaint repeated substantially all of these matters and asked for termination of the trust, authority to accept the *offer of the minors* on the basis of plaintiff's affection for them and for direction to the Bank to perform in accordance with this agreement.

The court found that it had jurisdiction; that all persons in interest "in being" and "not now in being" were represented; that the agreement was desired by all the beneficiaries and was in the best interest of the minors and that it was probable that the monthly payments to plaintiff from the trust would exhaust it in her lifetime to the detriment of the minors. The court granted the relief prayed in the second supplemental bill.

The decree, if affirmed, will have the effect of terminating the spendthrift trust.

The trustee has appealed and we believe it had the obligation and right to maintain the trust, if possible, in the trial court and here. It is not a mere stakeholder under the will in question. It is trustee under a spendthrift trust with definite instructions.

The testator plainly intended that plaintiff should have only $50 per month during her life. He foresaw that the income from the trust might not produce the monthly payments. To meet that contingency he subjected the corpus so far as necessary to provide the

$50 payment. He thus recognized that the corpus might be diminished to the detriment of the minors' remaindermen. It is plain that he intended that she should, during her life, be secure to the extent of the $50 payments. He imposed restraints on her interest to insure that security. He vested title in the trustee to insure the fulfillment of the intention.

Courts of this State have been careful to protect the trust schemes of testators. They have asserted the rights of testators to select beneficiaries and prescribe the conditions of bounty within legal limits. The United States Circuit Court of Appeals for the 7th District said in *Commissioner of Internal Revenue v. Blair,* 60 Fed. (2d) 340, that Illinois courts have gone farther than those of most States to uphold spendthrift trusts.

Since plaintiff is alive the trust is active. The effect of the decree is not to alter the management of the trust so as to carry out the trust terms. Its effect is to dissolve the trust. The design of the agreement is to oust the trustee of legal title in direct opposition to the testator's intention. A case is not presented here of unforeseeable circumstances which the court can reasonably say would have changed the testator's intention had they been foreseen by him. We cannot say that, faced with the circumstances presented by plaintiff and the minors, the testator would have made a disposition such as is provided in the decree. We believe that the situation presented by the pleadings would rather have confirmed his original intention. It is true that the minors' beneficiaries will benefit, probably better under the agreement than under the will. This consideration, however, is by no means controlling. No necessity has been shown here for the intervention of a court of equity. Under these circumstances, we feel certain that the decree is erroneous. *Stephens v. Collison,* 274 Ill. 389; *Rhoads v. Rhoads,* 43 Ill. 239; *Gary v. Gary,* 309 Ill. 330; *Outhet*

*v. Follansbee,* 218 Ill. App. 512; *Northern Trust Co. v. Thompson,* 336 Ill. 137; Bogert on Trusts and Trustees, Vol. 4, p. 2932 and 2934; *Anderson v. Williams,* 262 Ill. 308; *Mohler v. Wesner,* 382 Ill. 225.

Plaintiff and the guardian rely upon *Wolf v. Uhlemann,* 325 Ill. 165 to support their contention that the trial court had power to approve the settlement beneficial to the minor where all beneficiaries agree and only the trustee objects. The proceeding here is patterned after the one in that case. There, however, the court approved a compromise of threatened litigation between members of a family over a complex and involved will. In this case there is neither a family dispute nor a complex and involved will. There is no question therefore of subverting a trust to keep a family from being torn asunder. *Anderson v. Anderson,* 380 Ill. 488.

■ Defendant agrees that in a proper case a court of equity has power to authorize the compromise and settlement of a minor's litigation. We agree with it that this is not a proper case.

■ Other cases cited by the guardian simply state the rule that income from a spendthrift trust may be subjected to the support of a beneficiary's wife and children. These cases are not relevant.

■ The decree is reversed and the cause is remanded with directions to dismiss the cause for want of equity.

*Reversed and remanded with directions.*
Lewe and Burke, JJ., concur.