(No. 30659.—

JOSEPHINE FRANKS GLASER *vs.* CHICAGO TITLE AND TRUST COMPANY *et al.,* Appellees.—(MOSES LEVITAN *et al.,* Appellants.)

*Opinion filed November 18, 1948.*

HARRY H. KRINSKY, of Chicago, for appellants.

LEVINSON, BECKER & PEEBLES, and FREDERIC A. FISCHEL, (DON M. PEEBLES, HALBERT O. CREWS, and MAX J. SATIN, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Jacob Franks died testate April 18, 1928, and his will was duly probated. He bequeathed the residue of his estate to trustees and directed them as to their duties. December 15, 1938, his daughter, Josephine Franks Glaser, a beneficiary under his will, filed suit in the circuit court of Cook County for construction of this will. Her brother, Jack Morris Franks, also a beneficiary under the father's will, had departed this life testate on July 11, 1938. His will was duly probated and left the residue of his estate to certain trustees for the purposes therein expressed. After a decree construing the Jacob Franks will had been entered in the circuit court an appeal was taken therefrom to this court by the trustees of the son's will. In *Glaser* v. *Chicago Title and Trust Co.* 393 Ill. 447, we construed the Jacob Franks will differently than did the circuit court, and the cause was reversed and remanded with directions that a decree be entered in accordance with our mandate, which was done. Both parties were, by the circuit court, allowed fees for services rendered by their respective attorneys in that court, without objection.

December 23, 1946, the trustees of the Jack Morris Franks estate filed a petition in the circuit court requesting the allowance of expenses including fees for legal services performed by their attorney in connection with the appeal to the Supreme Court and the preparation of a decree in accordance with its opinion. Objection was made to the allowance of these expenses and fees. January 31, 1947, the circuit court allowed petitioners $5250 as the fair, rea-

sonable and customary charge for the services of their counsel on appeal, and $248.68 for costs and expenses in connection with the prosecution of the appeal, making them a charge against the *corpus* of the Jacob Franks trust estate.

Josephine Franks Glaser and the guardian *ad litem* for certain minors appealed from that order to the Appellate Court where the order of the circuit court was reversed and the cause remanded with directions to dismiss the petition at petitioners' costs. (*Glaser* v. *Chicago Title and Trust Co.* 333 Ill. App. 550.) We allowed an appeal from that decision to this court.

There is no question before us concerning the validity or the construction of either of the aforesaid wills, nor is the amount of the attorney's fees and costs allowed in question. The question for decision is, may attorney's fees and other costs incurred by appellant on appeal from a decree of the lower court in a will construction case be allowed and paid from the estate of the testator? The parties agree that where an ambiguity in a will justifies a suit for its construction, or where it appears necessary to remove a difficulty out of the way of the proper and safe administration of an estate, it is proper to order the costs and attorney's fees in the court below paid out of the estate. They further agree that the success or failure of a party to sustain his contention in the construction of a will, or the result of such construction, does not determine the propriety of the allowance of the fees of his attorney.

The trustees under the Jack Morris Franks will, appellants here, argue that their costs on appeal, including fees for their attorney, are allowable and should be paid from the fund being administered under the trust created by the Jacob Franks will. They rely principally for their authority in this connection upon *Strauss* v. *Strauss,* 293 Ill. App. 364, *Lewis* v. *Sedgwick,* 223 Ill. 213, and *Ingraham* v. *Ingraham,* 169 Ill. 432. In none of these cases did the court pass directly upon the point.

In the *Strauss case,* while it affirmed the lower court in allowing counsel fees for services rendered on appeal in the will construction case, it is noted that no point was raised concerning the legal right or propriety of allowing the same. The contentions were based on other points. The court, on page 368 of that opinion, says: "The principal contentions advanced by the appellants in their assignment of errors are that the circuit court was without jurisdiction to assess solicitors' fees for services previously performed in the Supreme Court; that the assessment of any such fees, if allowable, should have been prayed for and allowed in the Supreme Court; that the fixing of the costs and expenses in the Supreme Court had rendered the claim for solicitors' fees *res adjudicata* and that the allowance of $1000 in fees was, in any event, excessive, in view of the nature and extent of the services performed." In passing upon the above contentions the court seems to have assumed that counsel fees for services rendered on appeal in a will construction case are allowable but it did not decide that point.

In the *Ingraham case* a motion was filed to retax costs, the purpose being to have us allow an attorney's fee for services performed in this court by appellant's counsel, and also to allow certain expenses incurred in prosecuting the appeal. Our holding was that this being a court of appellate jurisdiction, we could not pass upon the question concerning counsel fees as it had not previously been presented to and passed upon in the lower court, and that we had no jurisdiction to determine an issue concerning fees which had not been adjudicated by the court below. Certainly, if we had no jurisdiction to pass upon the matter there presented, anything we said with reference to it is no authority on the point. We said nothing that could be so construed.

In the *Sedgwick case* the lower court allowed a solicitor's fee for services rendered in the circuit court but refused

to allow at that time a solicitor's fee for services to be rendered on appeal. Error was assigned on the judge's refusal to allow a fee for the solicitors for services to be rendered on appeal. We said in that case: "We find no error in the record. The decree of the circuit court will accordingly be affirmed." The question concerning the allowance of a solicitor's fee for services rendered on appeal, however, was not discussed by us in that decision. That case is certainly no authority for the position of appellants here.

Appellants cite *Attorney General* v. *Moore's Executors,* 19 N. J. Eq. 503, in which the construction of a will was involved, holding that counsel fees on both sides should be allowed in that court and in the court of chancery. On the other hand, appellees cite a Maryland case, *Clayton* v. *Stein,* 135 Md. 684, 109 Atl. 444, holding in effect that where the unsuccessful party prosecuted an unavailing appeal it could not be at the expense of the party whose right to the fund had been adjudicated.

In *Leman* v. *Sherman,* 117 Ill. 657, we had before us the will of one Francis C. Sherman, deceased, which named a trustee and provided that in the even of his death, resignation, refusal or inability to act, a new trustee should be appointed by the county court. Leman was appointed by the county court as such trustee. His authority to act under this appointment was challenged and the circuit court held his appointment void. He then appealed to the Appellate Court where the decision of the lower court was affirmed, and on appeal here we upheld the decision of the latter court. Leman thereafter claimed credit in his accounts as trustee for expenses including attorney's fees for services rendered him in the Appellate and Supreme Courts in the above suit. The lower court allowed the expenses and fees and on appeal to the Appellate Court its judgment was affirmed, whereupon an appeal was prosecuted to this

court. We reversed both courts and remanded the cause with directions to modify the decree and disallow the amount paid by Leman for costs and attorney's fees on the appeals from the circuit to the Appellate Court and from the Appellate Court to this court. (*Sherman* v. *Leman,* 137 Ill. 94.) In our opinion, at page 99, we said: "In no view, therefore, can it be said that the interests of the estate required the prosecution of these appeals. Leman undoubtedly had the right to appeal, but the exercise of that right involved considerations affecting him personally, only, and not such as materially affected the trust estate, and he exercised it as do all persons litigating for their own interests—at his peril. (Perry on Trusts, sec. 928.) Our conclusion follows, that the court below erred in decreeing that Leman be allowed to take credit for costs paid on appeal from the circuit court to the Appellate Court and from the Appellate Court to this court, and for the amount paid his attorney for services upon those appeals."

*Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419, involved the construction of a will and was appealed from the circuit court to the Supreme Court. The appellants after that decision filed their petition in the circuit court for an allowance for expenses and solicitors' fees incurred by them in the Supreme Court. A motion to strike the petition on the grounds that the petitioners were not entitled to an allowance for solicitors' fees and expenses in the Supreme Court was filed and allowed and the petition was dismissed for want of equity. An appeal was prosecuted from that decision to the Appellate Court where the action of the circuit court was affirmed and the fees and expenses disallowed. (*Dime Savings and Trust Co.* v. *Watson,* 208 Ill. App. 382.) In the opinion, the court, after stating that the expenses in the lower court were allowable, said: "but when that decree was rendered there was no further obstacle in the way of administering the

estate and distributing the property; it was then of importance to individuals only whether the decree should be affirmed or reversed."

Where there is ambiguity in a will the interested parties may not be able to safely and properly proceed under it until there has been a judicial determination of its meaning. When the will has been construed by a court having jurisdiction of the subject matter and the parties, its decree affords authority to all interested persons for the administration thereunder according to its terms unless it be modified or set aside by a court of superior jurisdiction. The construction placed upon a will by the lower court may not be satisfactory to some of the parties and they may be able to have it changed on appeal, but, should they feel disposed to litigate beyond the court of original jurisdiction, this they must do at their own risk and costs. The better authority is in accord with this view.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*