NO. 4-03-0738

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NC ILLINOIS TRUST COMPANY, n/k/a ) Appeal from

NATIONAL CITY BANK OF MICHIGAN/ILLINOIS,) Circuit Court of

as Trustee Under the Will of Earl M. ) McLean County

Bane, Deceased, ) No. 99CH71

Petitioner-Appellant and )

Cross-Appellee, )

v. )

HONORABLE LISA MADIGAN, Attorney )

General of the State of Illinois, )

Respondent-Appellee and )

Cross-Appellant, )

and )

THE BOARD OF TRUSTEES OF THE UNIVERSITY )

OF ILLINOIS; LOYOLA UNIVERSITY OF )

CHICAGO; THE UNIVERSITY OF CHICAGO; and )

NORTHWESTERN UNIVERSITY, ) Honorable

Intervenors-Appellees and ) G. Michael Prall,

Cross-Appellants. ) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Earl M. Bane died in 1974.  His will directed that his assets be put into a trust to care for his wife during her life and that the residue be used to provide for medical research.  Bane's wife predeceased him, and on his death the Earl M. Bane Charitable Trust (trust) was established.  The trust, administered by a predecessor to petitioner National City Bank of Michigan/Illinois (National City), made annual distributions to the four universities that are parties to this action (intervenors­).

In 1999, National City filed a petition to reform the trust so as to avoid federal excise taxes.  The Attorney General of Illinois and the intervenors (respondents) filed a counter-petition seeking to terminate the trust and distribute its assets to the intervenors.  The circuit court found that Bane had not intended to created a perpetual charitable trust.  On July 19, 2001, the court ordered that the trust be terminated and the assets distributed to the intervenors.

On August 17, 2001, National City filed a motion for reconsideration, which the circuit court denied on November 16, 2001.  Before filing the motion, National City had consulted with attorney Jerold Horn about whether to appeal.  On December 12, 2001, National City filed an appeal from the court's judgment terminating the trust.  National City also filed a motion to stay enforcement of the judgment pending appeal, which the circuit court granted.  This court affirmed the circuit court's judgment.  
NC Illinois Trust Co. v. Ryan
, No. 4-01-1109 (December 16, 2002) (unpublished order under Supreme Court Rule 23).

Following the appeal, National City filed a petition in the circuit court, seeking (1) $29,562.68 in attorney fees incurred in the appeal, (2) $10,600 for the fees of attorney Horn, and (3) $27,154.20 in compensation for administering the trust during the appeal.  A tax filing reveals that at the time of this petition, National City had already paid Horn $7,790 of his $10,600 fee out of trust assets.  Respondents opposed National City's requests and also sought to recover the $7,790 already paid to Horn.

The circuit court denied National City's petition for fees but refused to require it to return the $7,790.  Responden­ts moved to modify the judgment to account for the $7,790, but the court denied the motion.  National City appealed the denial of its petition for fees, and respondents cross-appealed the court's denial of the motion to modify the judgment.

We first consider whether the circuit court erred in denying National City attorney fees incurred in prosecuting its first appeal.  We conclude that it did not.  The costs of litigating a case to construe a will are generally paid by the estate, assuming there was an honest difference of opinion about the testator's intent.  
In re Estate of Smith
, 68 Ill. App. 3d 30, 32, 385 N.E.2d 363, 365 (1979).  This rule, however, applies only in the trial court; one unsatisfied with the judgment appeals at his own risk and cost.  
Glaser v. Chicago Title & Trust Co.
, 401 Ill. 387, 393, 82 N.E.2d 446, 449 (1948); 
Landmark Trust Co. v. Aitken
, 224 Ill. App. 3d 843, 858, 587 N.E.2d 1076, 1086 (1992) (Fifth District).  The parties devote much of their argument to discussion of whether the rule in 
Glaser
 gover­ns this case.  Whether a circuit court applied the correct legal standard is a question of law that we review 
de
 
novo
.  
In re Marriage of Sobol
, 342 Ill. App. 3d 623, 627, 796 N.E.2d 183, 186 (2003).

The 
Glaser
 case concerned the will of Jacob Franks.  
Glaser
, 401 Ill. at 388, 82 N.E.2d at 446.  The beneficiaries under Jacob's will included his daughter Josephine and his son Jack.  Jack died soon after his father did and Jack's will created a trust that would hold assets inherited from Jacob.  When Josephine sued to construe Jacob's will, the trustees under Jack's will contested the suit and then appealed the judgment.  Jack's trustees were successful in getting the trial court's judgment reversed and on remand sought attorney fees for their appeal from the corpus of Jacob's trust estate.  The supreme court disallowed the petition for fees.  
The court stated:

"Where there is ambiguity in a will the interested parties may not be able to safely and properly proceed under it until there has been a judicial determination of its meaning.  When the will has been construed by a court having jurisdiction of the subject matter and the parties, its decree affords authority to all interested persons for the administration thereunder according to its terms unless it be modified or set aside by a court of superior jurisdiction.  The construction placed upon a will by the lower court may not be satisfactory to some of the parties and they may be able to have it changed on appeal, but, should they feel disposed to litigate beyond the court of original jurisdiction, this they must do at their own risk and costs."  
Glaser
, 401 Ill. at 393, 82 N.E.2d at 448-49.

This case was in essence one to construe Earl Bane's will; and if that were the whole story, it would be a straightforward application of 
Glaser
 to say that National City was free to appeal the circuit court's decision if it did so at its own risk and costs.  Here, however, the court's interpretation of the will (finding no intent to establish a charitable trust) came after the trust was in operation for 22 years.  We nevertheless agree with the trial court that under the somewhat unusual circumstances of this case, 
Glaser
 should apply.

Although the 
Glaser
 case dealt with a will construction, the rule applies to certain situations involving trusts as well.  
Glaser
 itself relied on 
Sherman v. Leman
, 137 Ill. 94, 27 N.E. 57 (1891), in which a trustee appealed an order removing him from his position.  The order was affirmed on appeal, and the trustee then sought to recover his costs for prosecuting the appeal.  The court stated that "[the trustee] undoubtedly had the right to appeal, but the exercise of that right involved conside­rations affecting him personally, only, and not such as materially affected the trust estate, and he exercised it as do all persons litigating for their own interests--at his peril."  
Sherman
, 137 Ill. at 99, 27 N.E. at 58.  In our case, it is worth noting that the beneficiaries of the charitable trust sought to have it terminated.  The Attorney General, who represents the ultimate beneficiary of any charitable bequest--the State (see 
In re Estate of Laas
, 171 Ill. App. 3d 916, 920-21, 525 N.E.2d 1089, 1092 (1988))--also was in favor of distributing the assets.  National City was therefore the only party interested in perpetua­ting the trust, and it could be said that its appeal involved considerations of interest primarily to itself.

National City attempts to avoid the 
Glaser
 rule on the basis that the order appealed here materially affected the trust estate, and as trustee, National City had a reasonable basis to appeal.  The problem with the argument is that the same was true in 
Glaser
 itself.  There, the trustees of Jack's estate appealed the trial court's decision and were even successful in having it reversed, yet were not allowed to recover their fees.  This case differs from 
Glaser
 in that the trust here was created (erroneously, it turns out) under Bane's will, whereas the trust in 
Glaser
 was formed under Jack's will, one step removed from the will at issue in the case.  
Glaser
, 401 Ill. at 388, 82 N.E.2d at 446.  That difference is insufficient to avoid application of the rule in 
Glaser
, because National City is still a party dissatisfied with the construction of a will.

National City also argues that applying that rule in this case will dampen the vigor with which trustees protect the trusts they administer because they will not be able to count on recovering their fees incurred on appeal.  National City points out that when a court decree dissolves a testamentary trust, the trustee has a right to appeal, citing 
Peoples Bank of Bloomington v. Trogdon
, 276 Ill. App. 373, 385-36 (1934) (Third District), and argues that a trustee is obligated to try to maintain the trust if possible, citing 
Stein v. LaSalle National Bank
, 328 Ill. App. 3, 5, 65 N.E.2d 216, 217 (1946) (First District).

We note that the cases cited for these propositions predate the decision in 
Glaser
.  If National City is correct in its characterization of a trustee's duty to defend the integrity of a trust, then that duty has existed alongside the 
Glaser
 rule for well over 50 years with no apparent reduction in the vigor of trustees.

On the other hand, it is not clear that a trustee's duty to appeal is as all encompassing as National City suggests.  National City has provided only limited authority for the claim that it had a duty to appeal here.  The 
Stein
 case involved an agreement among the beneficiaries of a spendthrift trust to terminate the trust.  
Stein
, 328 Ill. App. at 5, 65 N.E.2d at 217.  A spendthrift trust exists in large part to protect the benefici­aries from themselves by limiting their access to the trust corpus, whereas a charitable trust is designed to advance a certain social good or even to benefit society at large.  The trustee's duty to appeal a trust's termination m­ay well vary depending on the type of trust involved.­  In 
Stein
, moreover, there was no question of whether the trust should exist, but only of whether the beneficiaries should be able to thwart its function by terminating it.  
Stein
, 328 Ill. App. at 6, 65 N.E.2d at 218.  That is very different from this case, in which the question addressed by the trial court was not the termination of a valid trust but whether the trust should have been formed to begin with.

National City's brief also misquotes a California case, 
Estate of Bunn v. Bank of America National Trust & Savings Ass'n
, 33 Cal. 2d 897, 899, 206 P.2d 635, 636 (1949), which it claims held that a trustee "'has the right 
and
 
duty
 to appeal from an order or judgment affecting the existence, modification[,] or termination of a trust.'" (Emphasis added.)  The emphasized language quoted by National City, however, does not appear in the case cited, or for that matter in any case of which we are aware.  In 
Bunn
, as in this case, the trial court determined that the decedent's will had not intended to create a charitable trust.  
Bunn
, 33 Cal. 2d at 898, 206 P.2d at 636.  The issue on appeal was whether the trustee had standing to appeal, not whether it had a duty to do so.  
Bunn
, 33 Cal. 2d at 899, 206 P.2d at 637.

In any event, even if we were to assume that National City had a duty to appeal the trial court's judgment in this case, we would still conclude that 
Glaser
 should apply.  What National City fails to acknowledge is that any money it receives from Bane's estate is money that cannot be used to further his wishes as expressed in his will.  When a trustee in a case like this brings a reasonable but unsuccessful appeal, we see no reason why the cost of that appeal should be allocated to the estate instead of to the trustee.  Although we are not prepared to conclude that 
Glaser
 or related cases would foreclose the circuit court's power to award fees in the presence of extraordinary circumstances, no such circumstances exist in this case.  The circuit court was correct when it refused to award National City attorney fees incurred on appeal.

Despite the circuit court's decision not to award National City attorney fees for its appeal, it denied respondents' request to require National City to refund $7,790 that it had already paid to Jerold Horn.  This was error.  The circuit court decided that these fees related to the posttrial motion phase of the trial and not to the appeal.  As Horn's affidavit regarding these fees makes clear, however, he was consulted for his opinion on whether National City should appeal the order terminating the trust.  If 
Glaser
 applies to this case, as we hold that it does, then these fees should have been denied.  National City should not have been allowed to use money from the trust to pay Horn.

The final issue we must address is whether National City should receive compensation for administering the trust during the pendency of the first appeal.  National City points to section 7 of the Trusts and Trustees Act, which provides that "[t]he trustee shall be reimbursed for all proper expenses incurred in the management and protection of the trust and shall be entitled to reasonable compensation for services rendered."  760 ILCS 5/7 (West 2002).  National City believes that because the stay of the circuit court's judgment kept the trust intact, albeit temporarily, the court was compelled under this statutory section to compensate National City's efforts.  We disagree.

National City argues that a stay of enforcement preserves the status quo.  But the case cited by National City for this rule goes on to say that a stay "restrains an appellee from affirmative action to enforce his judgment but it does not impair the validity or effect of the judgment itself.  [Citation.]  Clearly, the stay would not authorize what the judgment or decree prohibits the appellant from doing. [Citations.]"  
Gregory v. First National Bank & Trust Co.
, 84 Ill. App. 3d 957, 960, 406 N.E.2d 583, 586 (1980) (Second District).

Here, if National City had not sought a stay, the trust would have been dissolved immediately and National City could certainly not have received compensation for administering it thereafter.  The stay had the effect of postponing this occurrence but should not be allowed to impair the ultimate effect of the judgment.  To accept National City's argument and allow it compensation would remove yet more money from the trust that the judgment was meant to dissolve.  We conclude that the mere fact that the judgment was stayed does not require that National City receive the compensation it seeks.

For the foregoing reasons, we affirm the circuit court's judgment denying attorney fees and trust administration costs to National City.  We grant respondents' cross-appeal, and therefore reverse the circuit court's decision allowing National City to keep the $7,790 paid to Jerold Horn for his services in the appeal.

Affirmed in part and reversed in part; cause remanded. STEIGMANN and MYERSCOUGH, JJ., concur.